## 45465. SHELTON v. HOUSING AUTHORITY OF THE CITY OF ATLANTA.

JORDAN, Presiding Judge. This is a condemnation case which the Supreme Court transferred to this court. *Shelton v. Housing Authority &c. of Atlanta,* 226 Ga. 309 (174 SE2d 883). *Held:*

1. Damages as just and adequate compensation for property taken in the exercise of eminent domain in this State do not include expenses for expert witnesses and legal counsel. *Bowers v. Fulton County,* 122 Ga. App. 45 (176 SE2d 219). (Note: Certiorari applied for.)

2. The error, if any, in excluding the testimony of the condemnee on the possibility or probability of obtaining a change in the zoning classification of the property, is harmless in view of appellant's testimony that such change would not affect the valuation of the property.

3. The asserted error on the giving of requested instructions on the mere possibility of future use by reason of a change in zoning is not supported by any objection in the trial court as required by the applicable statute. Ga. L. 1968, pp. 1072, 1078 (*Code Ann.* § 70-207 (a)).

4. The condemnee, having submitted requests at the close of the case, which the trial judge treated as not timely filed, although he did give them some consideration, complains for the first time on appeal that Rule 25 (10) of the lower court is inconsistent with Ga. L. 1968, pp. 1072, 1078 (Code Ann. § 70-207 (b)), and also violates equal protection, due process, and other constitutional provisions.

The general statute (Ga. L. 1968, pp. 1072, 1078; *Code Ann.* § 70-207 (b)) provides for requested instructions "at the close of the evidence or *at such earlier time during the trial as the court reasonably directs."*

Rule 25 (10) of Fulton Superior Court provides that requested instructions shall be submitted by all parties at the close of evidence for the plaintiff, but that additional requests may be submitted to cover unanticipated points that arise thereafter.

It is settled law that issues concerning the validity and constitutionality of statutes and regulations must be raised at the first

opportunity. Having failed to attack the rule in the lower court on the grounds asserted in this court, the grounds first asserted here will not be considered.

5. The remaining contentions of the condemnee are without merit for any reason argued and insisted upon.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*

ARGUED JULY 8, 1970—DECIDED SEPTEMBER 8, 1970—

REHEARING DENIED SEPTEMBER 29, 1970—

J. P. Shelton, *pro se.*

*King & Spalding, R. William Ide, III,* for appellee.