## 64610. THE STATE v. CHUMLEY.

CARLEY, Judge.

Appellee was arrested and was charged with driving under the influence. After the arrest, appellee submitted to an intoximeter test of his breath. The officer conducting the test possessed a permit issued by the State Crime Laboratory authorizing him to conduct such an intoximeter test. Appellee filed a motion to suppress the results of the breath test, raising Fourth Amendment grounds (lack of probable cause for his arrest) and, in addition, the state's alleged non-compliance with Code Ann. § 68A-902.1 and the Rules and Regulations of the Department of Public Safety. The motion was originally considered and denied solely on the basis of the existence of probable cause for the arrest, the trial court declining to address the Code Ann. § 68A-902.1 issues in the context of a motion to suppress. This court — relying upon *State v. Johnston,* 160 Ga. App. 71 (286 SE2d 47) (1981) — reversed and remanded with direction that the trial court hear the Code Ann. § 68A-902.1 issues raised in appellee's motion. *Chumley v. State,* 160 Ga. App. 619 (287 SE2d 630) (1981). But see *State v. Johnston,* 249 Ga. 413 (291 SE2d 543) (1982).

On remand, the trial court denied the motion on all grounds except that which sought the suppression of the results of the breath test because the permit issued by the State Crime Laboratory and held by the officer who had conducted the intoximeter analysis of appellee's breath did not comply with the Rules and Regulations of the Department of Public Safety. The trial court reserved a ruling as to this ground of appellee's motion until trial. At trial, the court announced that this sole remaining ground of the motion would be considered after jury selection. After the jury was sworn and had been excused to the jury room, the court heard arguments as to the remaining ground of appellee's motion. Ruling that the permit held by the officer performing the test was invalid, the court granted the motion to suppress the results of the intoximeter test of appellee's breath. The state appeals.

1. Code Ann. § 6-1001a (d) provides: "An appeal may be taken by and on behalf of the State of Georgia from the superior courts and such other courts from which a direct appeal is authorized to the

Court of Appeals of Georgia and the Supreme Court of Georgia in criminal cases ... [I]n the case of motions made and ruled upon *prior to the impanelling of a jury,* from an order, decision or judgment sustaining a motion to suppress evidence illegally seized." (Emphasis supplied.) Appellee has moved to dismiss the instant appeal on the ground that this court lacks jurisdiction because this case is not one which falls under Code Ann. § 6-1001a (d) in that the motion was ruled upon after the impanelling of a jury. However, the record shows that, in the trial court, appellee stipulated in writing that a jury had never been placed upon him and, consequently, that he had not been placed in jeopardy. See generally Code Ann. § 102-106. Pursuant to appellee's stipulation, a mistrial was subsequently declared and the jury was dismissed. See *Lyde v. State,* 241 Ga. 111 (243 SE2d 64) (1978). The result, therefore, of appellee's stipulation is that the motion to suppress has, in effect, been ruled upon prior to the impanelling of a jury. We therefore find this case to be properly before the court.

2. The trial court granted the remedy of suppression of evidence on the basis of its finding that the breath test was improperly administered. Although a motion to suppress is no longer a proper procedural device in dealing with such an issue, the order in this case may be treated as a ruling on a "motion in limine." *State v. Johnston,* 249 Ga. 413, supra.

3. "The results of a breath test are not admissible over objection unless a proper foundation is laid." *State v. Johnston,* 249 Ga. at 415, supra. The trial court did not err in requiring the state to prove that the breath test was administered properly.

4. The state argues that the trial court erred in ruling that the Department of Public Safety Rules and Regulations affect the procedure of issuing chemical analysis permits by the State Crime Laboratory. The state contends that the Department of Public Safety had no authority to pass any rules and regulations affecting the procedures of the State Crime Laboratory.

"It is settled law that issues concerning the validity and constitutionality of statutes and regulations must be raised at the first opportunity. Having failed to attack the rule in the lower court on the grounds asserted in this court, the grounds first asserted here will not be considered." *Shelton v. Housing Authority,* 122 Ga. App. 535 (177 SE2d 832) (1970).

5. The state next argues that the permit held by the officer conducting the intoximeter test and issued by the State Crime Laboratory was in substantial compliance with the Rules and Regulations of the Department of Public Safety.

For purposes of clarification, we must analyze the permit issued

by the State Crime Laboratory and held by the officer in the instant case in the context of the permit requirements of the Department of Public Safety Rules and Regulations. The permit issued by the State Crime Laboratory and held by the officer read: "State of Georgia Department of Public Safety, GEORGIA CRIME LABORATORY HEREBY CERTIFIES THAT (blank) is hereby authorized to perform chemical analysis of breath specimens pursuant to the Uniform Act Regulating Traffic on Highways and subject to the regulations of the Department of Public Safety. This authorization is applicable to analysis utilizing (type meter), (type model) only . . . (Date) (Expiration Date) (signatures)." On the other hand, Rule 570-9-.05 (c) of the Rules and Regulations of the Department of Public Safety provides an example of the permit to perform breath tests. The latter reads: "STATE OF GEORGIA DEPARTMENT OF PUBLIC SAFETY: GEORGIA CRIME LABORATORY (Date) (Blank) is hereby authorized to perform *under the supervision of (blank)* chemical analysis of breath specimens pursuant to the Uniform Rules of the Road, G.L. Title 68A, and subject to the regulations of the Department of Public Safety. This permit expires (blank). (Signatures)." (Emphasis supplied.) Nowhere else in the Department of Public Safety Rules and Regulations is there any mention of a requirement of supervision for the performance of breath testing. Thus, the only deviation between the actual permit held by the officer in this case and any of the Rules and Regulations of the Department of Public Safety is that the example of the proper form for the permit to perform breath tests contained in Rule 590-9-.05 (c) provides that breath testing shall be "under the supervision of *(blank),*" while the actual permit pursuant to which the test in the instant case was performed does not state the holder's supervising authority.

As noted above, only Department of Public Safety Rule 570-9-.05 (c) purports to require the intoximeter operator to perform breath tests "under the supervision of" anyone. A review of the remainder of Chapter 570-9 of the Rules of Department of Public Safety reveals no such supervision requirement in connection with breath tests. The balance of the chapter appears to establish all of the requirements necessary for the conduct of breath tests, including: Qualifications necessary to become permitted; required training methods and techniques; and, continuing checks for proficiency. The only mention of supervision in the entire body of the chapter concerns blood analysis, not breath tests. In fact, Rule 570-9.06(6) specifically requires only that "[a]ll breath tests other than the original screening test will be performed in accordance with Rule 570-9-.02(2) of these regulations." Rule 570-9-.02(2), in turn,

establishes the qualifications for applicants for a permit to perform breath tests, and nowhere sets forth a requirement of supervision. It thus appears that the form contained in Rule 570-9-.05(c), wherein the only reference to supervision of breath tests is made, was either erroneously drafted, or is in conflict with the remaining body of chapter 570-9 which sets out the substantive requirements for the performance of breath tests and the qualifications to become permitted. We hold, therefore, that the permit held by the police officer in this case, and therefore the procedure used to test appellee's breath, substantially complied with Code Ann. § 68A-902.1 and Chapter 570-9 of Department of Public Safety Rules and Regulations. Code Ann. § 102-102 (6). The trial court erred in ruling inadmissible the results of appellee's intoximeter test.

*Judgment reversed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED DECEMBER 1, 1982 —
REHEARING DENIED DECEMBER 16, 1982.

*Herbert A. Rivers, Solicitor, J. Lynn Rainey, Assistant Solicitor,* for appellant.
*Larry W. Yarbrough,* for appellee.