70248. EUBANKS v. THE STATE.
(333 SE2d 3)

BIRDSONG, Presiding Judge.
Convicted of driving under the influence of alcohol, Eubanks appeals the denial of his motion in limine seeking to prohibit testimony of the officer who administered his breath test, contending that the

officer's training in breath analysis was not in compliance with statutory licensing requirements. *Held:*

1. We affirm. To be valid under OCGA § 40-6-392, chemical analysis of a person's breath "shall have been performed according to methods approved by the Division of Forensic Sciences of the Georgia Bureau of Investigation and by an individual possessing a valid permit issued by the Division of Forensic Sciences for this purpose. The Division of Forensic Sciences of the Georgia Bureau of Investigation is authorized to approve satisfactory techniques or methods to ascertain the qualifications and competence of individuals to conduct analyses and to issue permits. . . ." OCGA § 40-6-392 (1). The Department of Public Safety Rules and Regulations issued pursuant to this authority permit chemical breath analysis to be performed by persons after "certified satisfactory completion of a course in breath analysis conducted under the auspices of the State Crime Laboratory [now the Division of Forensic Sciences] as a part of course offering of the Georgia Police Academy." DPS Rule 570-9-.02 (2) (e).

After appellant's arrest a breath test was administered to him at the DeKalb County Jail on an Intoximeter 3000 Model by Technician Barbara J. Bowers. Technician Bowers received her technical training on three other types of breath analysis machines at the police academy. At that time the Intoximeter 3000 was licensed for use only by the DeKalb County Police Department. On April 20, 1982, Technician Bowers was trained on the Intoximeter 3000 at the DeKalb County Police Department by Supervisor Phillip Kimble, who had been trained by an instructor of Intoximeters, Inc., which manufactured the machine. Technician Bowers was issued a permit by the Georgia Department of Public Safety to operate the Intoximeter 3000 on April 20, 1982, and was graduated from the police academy the next day.

Appellant contends that this training did not conform to the statutory directive because Technician Bowers was not trained directly by an employee of Intoximeters Inc., and the 3000 was not a part of the courses offered at the police academy. It is further asserted that the trial court erred in applying the concept of substantial compliance with statutory requirements to the DPS Rules and Regulations. See *State v. Strickman,* 173 Ga. App. 1 (325 SE2d 775); *State v. Chumley,* 164 Ga. App. 828 (5) (299 SE2d 564).

We are not persuaded by appellant's arguments that Technician Bowers was improperly issued a permit to perform chemical breath analysis because of any failure to comply with Rule 570-9-.02 (2) (e). This rule requires only the "certified satisfactory completion of *a course in breath analysis* conducted *under the auspices of* [the Division of Forensic Sciences] *as a part of* course offering of the Georgia Police Academy." (Emphasis supplied.) The rule does not specify the particular machines on which the technicians are to be trained, that

the machines be located at the police academy, nor that the instructor be a representative of the manufacturer. When Technician Bowers testified that she took a course in breath analysis, a part of which was training on the Intoximeter 3000 machine at the DeKalb County Police Department (the only state agency authorized at that time to use the machine) and was certified by the police academy, the state showed full compliance with the express requirements of the rule and OCGA § 40-6-392 (1). It follows that the trial court correctly denied the motion in limine.

2. Eubanks' second enumeration of error has received no attention in his supporting brief either by way of argument or citation of pertinent authority. Thus, this enumeration must be treated as abandoned. *Pate v. State*, 137 Ga. App. 677, 678 (3) (225 SE2d 95).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED JUNE 10, 1985 —
REHEARING DENIED JUNE 26, 1985 — 

*J. Phillip Hancock*, for appellant.
*Ralph Bowden, Solicitor, Gregory A. Adams, Gentry Shelnutt, Assistant Solicitors*, for appellee.