## STATE OF FLORIDA v BLACK, et al.

Case Nos. 54429/30-QB (Consolidated)

County Court, Volusia County

July 26, 1988

### APPEARANCES OF COUNSEL

**Rosemary Calhoun,** Assistant State Attorney and **Sam Easterbrook,** Assistant State Attorney, for plaintiff.

**Flem K. Whited, III** for defendants.

### OPINION OF THE COURT

SHAWN L. BRIESE, County Judge.

THIS CAUSE came before the Court on June 17, 1988 for a hearing on Defendants' Motions to Suppress all evidence relating to chemical breath tests to determine blood alcohol content. This Court, based on admitted evidence, argument by counsel, and submitted case authority, finds as follows:

Defendants maintain that course outlines for the 40 hour technicians

course, technicians maintenance course, 8 hour technicians course, and annual requalification course and policies and procedures for chemical tests for intoxication course are rules within the meaning of § 120.52(16) *Fla. Stat.* (1987) requiring promulgation pursuant to public hearings. Defendants further allege that the Department of Education's (hereinafter DOE) participation in course instruction for permitting of technicians amounts to an illegal delegation of authority from one agency to another without a statutory basis.

Section 316.1932(f)(1) *Fla. Stat* (1987) provides:

The tests determining the weight of alcohol in the defendant's blood shall be administered . . . substantially in accordance with rules and regulations which shall have been adopted by the Department of Health and Rehabilitative Services. Such rules and regulations shall be adopted after public hearing, . . .

Section 316.1934(3) *Fla. Stat.* (1987) provides:

A chemical analysis of a person's blood to determine alcoholic content or a chemical analysis of a person's breath, in order to be considered valid under the provisions of this section, must have been performed substantially in accordance with methods approved by the Department of Health and Rehabilitative Services and by an individual possessing a valid permit issued by the department for this purpose. Any insubstantial differences between approved techniques and actual testing procedures in any individual case shall not render the test or test results invalid. The Department of Health and Rehabilitative Services may approve, satisfactory techniques or methods, ascertain the qualifications and competence of individuals to conduct such analysis and issue permits which shall be subject to termination and revocation in accordance with rules adopted by the department.

Department of Health and Rehabilitative Services (hereafter HRS) Rule 10D-42.025 (Permit — Technician: Chemical Test of Breath for Intoxication Course) provides:

The permit shall be issued to . . . an individual who has successfully completed the course of instruction prescribed by the State Department of Education through county school districts and state community colleges, as approved by the Department. Said technician course shall provide for no less than 40 hours of instruction covering such subject matter as the history of alcohol, its effect upon the human body, alcohol tolerance, scientific laws affecting chemical test, and the specific measurement procedures for determination of alcohol in the body by breath testing using approved instruments. The course

shall also include instruction in the preventive maintenance of the chemical test instruments or devices as well as case preparation and course work incidental to enforcement of the provisions of the law, and a knowledge of the provisions of the Implied Consent Law. Applicants requiring permits for instruments having a significantly different method or theory shall complete an additional eight hour course providing the theory of operation and method of each instrument.

HRS Rule 10D-42.026 (Permit — Technician: Renewal, Requalifying) provides:

Permit to conduct chemical analysis of breath only, shall be renewed . . . provided the permittee has successfully completed the annual six hour course of instruction prescribed The Department of Education as approved by the Department, and which course is designed to reevaluate and requalify permittees . . .

HRS Rule 10D-42.027 (Qualifications for Instructions) provides:

. . . Instructors shall successfully complete a course prescribed by the Department of Education and approved by the Department, covering all of the aspects given in the technicians course, plus teaching methods, case preparation, and general maintenance of chemical breath testing instruments or devices.

The above cited rules were promulgated pursuant to the requirements of the Administrative Procedure Act (hereafter APA).

The course outlines for the 40 hour technicians course and the annual requalification course stated in the preface, "This publication will provide a standardized course of instruction to qualify (and requalify) technicians in the operation of certified chemical tests for intoxication instruments . . .". The prefaces of the above referenced courses, described in the above cited rules, indicate that the courses cover areas required by HRS rules and are approved by HRS. The course descriptions state, "Upon satisfactory completion of this course, the State Department of Education will recommend to the Florida Department of Health and Rehabilitative Services that the technician be certified for another instrument." The twelve hour technicians maintenance course is not specifically provided for in the above cited relevant rules and has no application herein.

The APA, in § 120.52(16), defines rule (subject public hearing requirements) as:

Each agency statement of general applicability that implements, interprets, or prescribes law or policy or describes the organization,

70

procedure, or practice requirements of an agency and includes any form which imposes any requirement or solicits any information not specifically required by statute or by an existing rule. The term also includes the amendment or repeal of a rule.

The exceptions listed in § 120.52(16) are not exclusive but are inclusive.

The initial issue that this Court deals with is are the DOE course outlines and "policies and procedures for chemical tests for intoxication course" rules within the APA definition.

The Court in *State, Dept. of Admin., etc. Person. v. Harvey,* 356 So.2d 323 (Fla. 1st DCA 1977) held that minimum training and experience requirements for a particular career service position have the effect of rules and are invalid because they were not adopted pursuant to the APA. The Court stated:

> Any agency statement is a rule if it "purports in and of itself to create certain rights and adversely affect others," [cite omitted], or services "by [its] own effect to create rights, or to require compliance, or otherwise to have the direct and consistent effect of law." [cites omitted]

The prescribed minimum requirements contained in the "class specifications" were the basis by which the applicant's qualifications were measured, i.e., a rule. See also *Balsam v. Dept. of Health & Rehab. Services,* 452 So.2d 976 (Fla. 1st DCA 1984) (Moratorium on receipts of certificates of need to construct psychiatric hospitals affected substantial interest of plaintiff and as such was an invalid rule) and *Straughn v. O'Riordan,* 338 So.2d 832 (Fla. 1976) (Informal guidelines for imposition of bond from sales tax registrant amounted to invalid rules not enforceable in the absence of publication in manner prescribed by APA).

*Cenac v. Florida State Bd. of Accountancy,* 399 So.2d 1013 (Fla. 1st DCA 1981) is an example of an agency statement not amounting to a rule. The issue involved was whether Cenac was practicing "public accounting" and subject to Ch. 473 (Public Accountancy) *Fla. Stat.* (1977). Cenac maintained that the Board of Accountancy failed to follow rule-making procedures concerning an alleged statement, entitled "Note", which explained the position of the Board regarding two declaratory statements dealing with the issue. The Court found that the "Note" was not an agency statement, intended by its own effect to create certain rights but rather, it was editorial in nature, having been written by the executive director of the Board, and intended merely to explain the effect of the two declaratory statements which appeared in the *Florida Accountancy News.*

71

See the federal counterpart, i.e., the difference between legislative agency statements (rules in Florida) and interpretative agency statements. *Donovan v. Walton,* 609 F.Supp. 1221 (S.D. Fla. 1985) and *Haddon Tp. Bd. of Ed. v. New Jersey Dept. of Ed.,* 476 F. Supp. 681 (D. N.J. 1979). A rule is interpretive, rather than legislative, if it is not "issued pursuant to legislatively-delegated power to make rules having the force of law" or if the agency intends the rule to be no more than an expression of its construction of a statute or rule. *Chamber of Commerce of United States v. O.S.H.A.,* 636 F.2d 464 (D.C. Cir. 198).

This Court finds that HRS, pursuant to the APA, properly promulgated rules, to "ascertain the qualifications and competence of individuals to conduct a chemical analysis of a person's breath." The courses and their content are specifically described in the properly promulgated rules. HRS, by properly promulgated rules, has chosen to standardize the courses of instruction through the auspices of the DOE through county school districts and state community colleges. It would appear that the DOE was chosen to administer the HRS approved courses since their educational resources are in place across the state. The courses of instruction are approved by HRS, i.e., HRS has not improperly delegated any of their statutory authority. Indeed, the course outlines cover the areas required by the HRS rules. HRS issues a permit after receiving a *recommendation* from the DOE based on successful completion of the HRS approved course. The defendants' position would be well taken if the HRS Rules did not set forth the courses and their content and the DOE relevant course outlines and policies and procedures related thereto were initially set forth by the DOE in an effort to comply with the statutory mandate. Such is not the case.

This Court finds that the DOE relevant course outlines and policies and procedures related thereto are not rules within the meaning of § 120.52(16) as interpreted by considered case authority. The DOE items *do not "in and of themselves* create certain rights and adversely affect others" or ". . . require compliance, or otherwise have a direct and consistent effect of law."

Notwithstanding the above, this Court finds that HRS has substantially complied with its permitting responsibilities in § 316.1932(f)(1) and § 316.1934(3) *Fla. Stat.* (1987).

See the analogous cases of *Eubanks v. State,* 333 S.E.2d 3 (Ga. Ct. of App. 1985) and *State v. Holton,* 326 S.E. 2d 235 (Ga. Ct. of App. 1984).

Based on the above and foregoing, it is hereby;

72

ORDERED and ADJUDGED that Defendants' Motions to Suppress are denied.

DONE and ORDERED in Chambers at Daytona Beach, Volusia County, Florida this 26th day of July, 1988.