## Walker v. The State.

A demand for trial made under section 4648 of the code is not waived or rendered unavailable by postponing the trial on the last day of the second term at the request of the prisoner on account of the temporary absence of a bailiff in the service of the court, the bailiff being a witness whose attendance at the trial the prisoner desired, and the postponement requested and allowed being only temporary, and not intended as a continuance for the term. Whether the bailiff returned or not, and whether the court was informed of his return or not, the statutory requirement to try the prisoner at that term should have been complied with; and this not having been done, he was entitled to be " absolutely discharged and acquitted of the offence charged in the indictment." A waiver of the demand would result from a continuance granted on the motion of the accused, or from any other act on his part showing affirmatively that he consented to passing the case until a subsequent term.    *Judgment reversed.*

July 4, 1892.

Criminal law. Practice. Demand for trial. Before Judge Martin. Marion superior court. April adjourned term, 1892.

After conviction of a misdemeanor, the defendant excepted to the overruling of his motion for discharge on the following facts : The indictment was found at the April term, 1891, of the superior court, at which term the case was continued by the State. At the same term the defendant placed his demand for trial on the minutes of the court, and a jury was empanelled competent to try the case. At the next term a jury competent to try the case was again empanelled, but the case was not tried. In the forenoon of the last day of court at that term, the case was sounded on the docket by the court; whereupon the defendant asked the court to pass the case temporarily, owing to the fact that one of his witnesses was a bailiff of the court, and had been sent off to serve some papers, and would return in a short while when the defendant would be ready. This the court permitted to be done. The witness returned some time

before the adjournment of the court, in ample time to try the case, but the attention of neither the court nor the solicitor-general was called to this fact by any one; the case was not sounded again, and the court adjourned for the term without trying it, nor was any entry made on the minutes or docket showing any disposition of it. It came on to be tried at the April adjourned term, 1892, when the motion for discharge was made.

WORRILL & LITTLE, for plaintiff in error.

A. A. CARSON, solicitor-general, by HARRISON & PEEPLES, *contra*.