## 48595. ADAMS v. THE STATE.

HALL, Presiding Judge. Faye Allyson Adams appeals her conviction and one-year prison sentence for burglary entered May 17, 1973 on the ground that the state failed to comply with her demand for trial under Code § 27-1901. There is no dispute that the actual trial did not take place until the second regular term following that in which the demand was made. The state urges that special circumstances here resulted in the satisfaction of the statute or alternatively in Adams' waiver of her demand. We cannot concur with the state's position, and we reverse.

At the August 1972 adjourned term of the Barrow County Superior Court, Adams and three others were indicted for possession of burglary tools, conspiracy to commit burglary, and attempted burglary both of the Ace Hardware Company and the Boutique Shop, all of which crimes were alleged to have been committed on October 7, 1972 at a shopping mall. At the November term, which was the next succeeding regular term thereafter, Adams made demand for trial, and also moved for severance, which motion was denied. The case was mistried during the November term, ending with a hung jury. The trial judge stated after entering the mistrial that the case would be tried "next week" and all the defendants objected that "tomorrow is Thanksgiving" following which everyone agreed to postpone the trial to the next term of court.

The next term was February 1973, and during that term, on February 6 the state entered a new indictment against Adams and the three others arising out of the occurrences alleged to have occurred on October 7, 1972 at the shopping mall, but making the following changes: the new indictment dropped from the charge of possessing burglary tools the itemization of two electric blankets, and added thereto six new items or groups of

items. The conspiracy charge was dropped. The charge concerning the Hardware Company was increased to burglary. Adams moved on February 12 for severance and was denied. Also on February 12, counsel for one of Adams' codefendants moved for a postponement only of the *arraignment* on the new indictment, on grounds that he had not received the requisite notice. All parties agreed to the postponement, with the understanding that the arraignment would be held on the 19th. On the 19th the arraignment was held; Adams' motion to quash the indictment because the earlier one was pending was denied; the state's attorney refused to say whether the state would proceed to trial on the first or the second indictment; the trial date was set for Thursday, February 22.

On Wednesday, February 21, when no proceedings on either indictment were scheduled the state's attorney and counsel for Adams' codefendants appeared in court and announced to the judge that because of counsel's other commitments they all desired a continuance in case No. 13424 — the second indictment. Adams' attorney was not present, nor was she herself nor anyone purporting to represent her. The judge granted the requested continuance into the next, May, term. The record is devoid of indications that Adams or her counsel acquiesced in or were advised of the intention of the other codefendants to seek a continuance.

On February 22, the date set for trial, according to the affidavit of Adams' attorney, Adams and her attorney appeared in court ready for trial, unaware of any postponement, and were told by a deputy sheriff of Barrow County that the case had been postponed. There was subsequently no trial on either indictment at the February term.

In the May term, on May 9, Adams' attorney made the affidavit mentioned above, and moved for her discharge under Code § 27-1901. His motion asserted that for lack of trial or waiver under the first indictment, Adams was entitled to her discharge therefrom; and that the second indictment was sufficiently similar to the first so that acquittal on the first would bar prosecution on the second. The motion was denied; Adams and the others were tried at the May term; Adams was convicted only on the burglary count and received a sentence of one year; this appeal followed.

Application of the law to these facts is plain. Contrary to the state's contention, the November mistrial does not satisfy the statutory

requirement for trial. The state urges that a close reading of *Geiger v. State,* 25 Ga. 667, shows that a mistrial entered *either* with defendant's consent or as the result of inevitable accident, satisfies the requirement for a trial under a demand and that only the portion of the opinion dealing with "inevitable accident" has been subsequently interpreted by this court as obiter in *Nix v. State,* 5 Ga. App. 835 (63 SE 926) and *Rider v. State,* 103 Ga. App. 184 (118 SE2d 749). Our reading of *Geiger* shows that at both terms of court when defendant's demand was operative mistrials had been entered by the judges simply by dismissing the jury before they reached a verdict, without defendant's consent. The trial court in *Geiger* then refused defendant's motion for discharge on the ground that he had been afforded all the trial in the power of the court to give him, and that *neither time had the court been bound to offer him any further trial.* The Supreme Court reversed, holding that where a demand was outstanding a mistrial could not be entered without either defendant's consent or the occurrence of "inevitable accident." Though the distinction is perhaps a fine one, we conclude that this is not the same as a ruling that had the defendant consented to the mistrial, he would have been held to have had the "trial" to which his demand entitled him.

Indeed, the more recent authorities are clear that entry of a mistrial does not satisfy the requirement for trial under a demand, and considerations of whether defendant "consented" are not determinative. See, *Dublin v. State,* 126 Ga. 580 (55 SE 487); *Rider v. State,* supra; *Mager v. State,* 21 Ga. App. 139 (94 SE 82); *Nix v. State,* supra. *Nix* and other cases teach that only if juries were not qualified and impaneled during the pertinent terms of court or if defendant affirmatively consents to holding over to another term, will he not be entitled to discharge if he remains untried after the end of the term following that of his demand.

It is undisputed here that juries were present, qualified and impaneled during the November and February terms of Barrow County Superior Court. Therefore, Adams will be entitled to her discharge *on the first indictment* unless some affirmative act by her appears, showing her consent to holding the trial over until the May term. No such waiver appears. The decision to postpone the trial until May was made Wednesday, February 21st in the courtroom, and the record does not show that Adams was represented there, or acquiesced in that decision. In the absence

of such a showing, Adams will not be bound by a continuance sought by one of her codefendants. She had moved to sever, and been denied. In absence of any showing that she and her counsel even knew of the intent of the others to seek a continuance, we must consider her to be a party "objecting" to such continuance within the meaning of Code § 27-2004, and therefore the continuance should not operate as a continuance as to her. Therefore no waiver by her may be found in that transaction.

Nor may we agree with the state's argument that Adams waived her demand by agreeing following the November mistrial to postponing the retrial until the February term. February was a term of court suitable for Adams' trial within the terms of the demand. Only if she had agreed to postponement to a time outside the term of the demand would she be held to have waived the demand. *Walker v. State,* 89 Ga. 482 (15 SE 553). Nor was she under any duty affirmatively to seek trial once her demand was filed and placed in the minutes of the court. *Dublin v. State,* 126 Ga. 580, supra; *Walker v. State,* supra; *Thornton v. State,* 7 Ga. App. 752 (67 SE 1055).

The foregoing discussion establishes that at the end of the February term, remaining untried on the first indictment, Adams was entitled to her discharge and acquittal of the crimes charged therein. The remaining question is whether the second indictment is such that prosecution on it is barred by her acquittal on the first. As an initial point, the state urges that the decision of the state to prosecute on the second indictment amounted to a nolle prosequi in the first, and therefore the first was not pending so as to allow acquittal on it. We answer this point against the state by noting again that when the arraignment was held on the second indictment on February 19, the state specifically refused in answer to a question to state which indictment it intended to bring to trial. Nothing in the record shows the entry of a nolle pros. on that indictment, and it was pending into the May term together with the second indictment.

Upon motion at the beginning of the May term Adams was entitled to acquittal of all crimes charged in the first indictment, including the attempted burglary at the Ace Hardware Company. When her motion was denied and trial held, she was actually convicted on the second indictment's count of burglary of the Ace Hardware Company. That conviction must be reversed here because an acquittal of attempted burglary precludes

conviction of burglary on the same facts. This follows because "the evidence necessary to support the second indictment would have sustained the first" (*Roberts & Copenhaven v. State,* 14 Ga. 8, 11), and "the plea of *autre fois acquit . . .* is sufficient, whenever the proof shows *the second case to be the same transaction with the first." Id.* p. 12. *Accord, Holt v. State,* 38 Ga. 187 (acquittal of assault with intent to murder bars subsequent prosecution for aggravated riot on the same facts); *Jones v. State,* 55 Ga. 625 (acquittal of simple larceny bars subsequent prosecution for burglary growing out of the same transaction). Moreover, one may not be convicted both of the attempt and of the completed crime. Code Ann. § 26-1004. Those cases cited by the state and exemplified by *Clay v. State,* 4 Ga. App. 142 (60 SE 1028) are distinguishable because they are based on the fact that the same course of conduct may create numerous separate and distinct legal violations, and acquittal on one will not necessarily bar prosecution on another if the offenses are not the same. Here, the same offenses against the Ace Hardware Company were sought to be made the basis for the first and second indictments, and a plea of autrefois acquit is good.

*Judgment reversed. Evans and Clark, JJ., concur.*

ARGUED SEPTEMBER 17, 1973 — DECIDED OCTOBER 5, 1973.

*Hudson & Montgomery, David R. Montgomery,* for appellant.
*Nat Hancock, District Attorney,* for appellee.