## 48597. RITZHEIMER v. THE STATE.

HALL, Presiding Judge. Appellant Ritzheimer was jointly indicted and tried with Faye Allyson Adams and Sanford Hoyt Butler for a 1972 shopping center burglary. Our decision upon Adams' appeal has previously been reported at 129 Ga. App. 839 (201 SE2d 649), and our decision today on the Butler appeal is reported on page 469, post. The facts will not be recited here, appearing fully in the other two decisions. Ritzheimer brings this appeal pro se without enumeration of errors and without a brief or argument. He was convicted on Counts 1 and 2 of the joint

indictment—for possession of burglary tools and burglary.

Our review of the entire record of the proceedings reveals no denial of Ritzheimer's constitutional rights nor other reversible error. His pulling a gun on the officers at the shopping center gave grounds for his arrest and personal search. In the Butler appeal we have upheld the validity of the search warrants for the car and the apartment involved here, which yielded evidence introduced at trial. Ritzheimer made no demand for trial, and the rationale upon which we reversed the conviction of Adams is not applicable to his circumstances. At trial he was represented by court-appointed counsel. His self-incriminating statement that "I flew down here to help do this burglary from Pennsylvania" was introduced against him, but the record contains unimpeached testimony from the interrogating officer that all proper warnings were given him prior to his decision to make the statement. His unsworn statement at trial did not deny his eventual participation in the burglary scheme, though he denied originally having planned it and claimed to some extent to be a "victim of circumstances." The evidence on both counts was sufficient to convict. The verdicts upon Counts 1 and 2 are consistent with each other and with the evidence.

No error appearing, we affirm the judgment.

*Judgment affirmed. Clark, J., concurs. Evans, J., concurs specially.*
SUBMITTED SEPTEMBER 17, 1973 — DECIDED NOVEMBER 27, 1973.

W. J. Ritzheimer, *pro se.*

EVANS, Judge, concurring specially. In this case, appellant has not filed enumerations of error as required by law (see *Windsor v. Southeastern Adjusters, Inc.,* 221 Ga. 329, 144 SE2d 739; *Smith v. Smith,* 225 Ga. 474, 169 SE2d 820), nor has he filed a brief, nor was oral argument made in his behalf. All points not argued are considered as abandoned. (See Code Ann. § 24-3618; our Rule 18 (c) (2).)

I do not consider it proper to pass upon the merits of the case under these circumstances; but the majority affirms, and I concur in the result.