## 55381. FRANK v. THE STATE.

SHULMAN, Judge.

Appellant was arrested and charged with driving under the influence. Upon his appearance in recorder's court, appellant filed two motions and was told to return one week later for a hearing on those motions. On the hearing date, appellant appeared and filed several demands, including one for trial in accordance with Code Ann. § 27-1901. The case was thereupon transferred to the state court, where an accusation was filed. This all occurred in the February term of the state court. Appellant appeared in state court during the February term, renewed his demand for trial and demanded a preliminary hearing. The trial judge remanded the case to recorder's court for the preliminary hearing. When the case was returned, it was then May term. Appellant was not brought to trial until the next term (August), at which time he filed a plea of autrefois acquit, contending that he should be discharged and an acquittal entered for the state's failure to try him during the period of his demand for trial. The plea was overruled, trial was held and appellant was convicted.

1. Code Ann. § 27-1901 provides that: "Any person against whom a true bill of indictment is found. . ." may demand trial and that the accused must then be tried in that term or the next or be discharged of the offense. The right to make a demand for trial applies equally when the defendant is charged by accusation. *Fisher v. State,* 143 Ga. App. 493 (238 SE2d 584).

2. We find the appellant's enumeration of error complaining of the overruling of his plea to be meritorious. It is not contested that the demand was made in the February term or that juries were empaneled and

could have tried appellant in those terms. The trial court held that the case was not properly before it until after it was returned from recorder's court following the preliminary hearing. The rationale of the decision, following the thrust of the state's argument, was apparently that appellant had waived his demand by doing an affirmative act which resulted in the trial being postponed.

We do not find the waiver argument convincing. Even assuming that the demand for a preliminary hearing was an affirmative act which delayed the trial, it did not delay the trial past the time within which trial could be held in accordance with his demand. In *Walker v. State,* 89 Ga. 482 (15 SE 553), appellant's case was called on the last day when he could be tried consistent with his timely demand. The court agreed, at defendant's request, to pass the case until later in the day. The day ended and the court adjourned, closing the term, without calling defendant's case again. The Supreme Court held that there was no waiver under those facts and stated: "A waiver of the demand would result from a continuance granted on the motion of the accused, or from any other act on his part showing affirmatively that he consented to passing the case until a subsequent term." Id.

That "passing the case until a subsequent term" means to a term outside the period of the demand was made clear in *Adams v. State,* 129 Ga. App. 839 (201 SE2d 649). In that case, the defendant's demand required that trial be held in the November or February term. Following a mistrial in the November term, Adams agreed that the retrial be postponed until the February term. Without her consent, the trial was again continued to the May term. This court held that there was no waiver of the demand and that Adams should have been discharged, stating, "It is undisputed here that juries were present, qualified and empaneled during the November and February terms. . .Therefore, Adams will be entitled to her discharge *on the . . . indictment* unless some affirmative act by her appears, showing her consent to holding the trial over until the May term. No such waiver appears." Id. p. 841. "Nor may we agree with the state's argument that Adams waived her demand by

agreeing following the November mistrial to postponing the retrial until the February term. February was a term of court suitable for Adams' trial within the terms of the demand. Only if she had agreed to postponement to a time outside the term of the demand would she be held to have waived the demand. *Walker v. State,* [supra]." Id. p. 842.

Here, the demand was filed in the state court during the February term. It was then necessary to try him in the February term or the May term. There appears in the record no affirmative act by appellant preventing his trial during the period covered by his demand. Because defendant was not tried when the demand was made, or the next succeeding term thereafter, and at both terms there were juries empaneled and qualified to try him (Code Ann. § 27-1901), it was error to overrule appellant's plea of autrefois acquit.

3. Because we have determined that an acquittal should have been entered before trial, it is not necessary to consider enumerations of error relating to alleged errors at trial.

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

ARGUED FEBRUARY 27, 1978 — DECIDED APRIL 13, 1978.

*Stanley R. Durden,* for appellant.
*Ken Stula, Solicitor,* for appellee.