66909, 66910. THE STATE v. WATERS; and vice versa.

CARLEY, Judge.

In Case Number 66909, the State appeals from the grant of the motion of defendant Waters to suppress evidence. In Case Number 66910, the defendant cross-appeals from the denial of his motion for acquittal, which was predicated upon the alleged failure of the State to comply with his demand for a speedy trial. See OCGA § 17-7-170.

*Case Number 66909.*

1. Pursuant to OCGA § 5-6-48 (c), defendant made a motion in the trial court that the instant appeal be dismissed due to the State's unreasonable and inexcusable delay in filing the transcript. A hearing was held and the motion to dismiss was denied. The defendant urges as an enumeration in his cross-appeal that the trial court's denial of his motion to dismiss the instant appeal was erroneous.

The State filed its notice of appeal on April 11, 1983. The transcript of the hearing on the motion to suppress was filed on May 16, 1983, with no extension of the 30-day time period having previously been sought or obtained by the State. At the hearing on the defendant's motion to dismiss, the testimony of the deputy clerk of the trial court was to the effect that, because of the delay in his office resulting from the calculation of the costs in other cases which were to be transmitted to the appellate courts, the transcript of the hearing

on the motion to suppress would not have been forwarded any earlier even if it had been filed within 30 days of the notice of appeal. Based upon this evidence, the trial court concluded that the five-day delay in filing the transcript, which included a Saturday and Sunday, did not warrant the dismissal of the appeal.

"In considering the question of unreasonable delay, it should be remembered that the time provided for filing the transcript or record is not jurisdictional, but merely a means of avoiding unreasonable delay so that the case can be presented on the earliest possible calendar in the appellate courts." *Young v. Climatrol Southeast Distrib. Corp.*, 237 Ga. 53, 55 (226 SE2d 737) (1976). See also *Young v. Jones*, 147 Ga. App. 65 (248 SE2d 49) (1978). Under the evidence presented, the trial court did not abuse its discretion in finding that the delay was not unreasonable and inexcusable and in denying the motion to dismiss the appeal. See generally *DuBois v. DuBois*, 240 Ga. 314 (240 SE2d 706) (1977).

2. The only testimony presented at the hearing on the motion to suppress was that of Agent Markonni of the Drug Enforcement Administration. Agent Markonni testified that he and two other officers observed the defendant in the Atlanta Airport after receiving a telephone call from customs officials at the Savannah Airport. The information which had been received from Savannah was that the defendant would soon be arriving in Atlanta and that he was carrying a large sum of money in a briefcase. Agent Markonni and the other officers merely followed the defendant until they reached a tunnel leading to the airport parking lot. At that point, Agent Markonni identified himself to the defendant and asked if he could speak with him and see his ticket. The defendant was unable to produce his ticket and stated that it must have been left on the plane.

Upon being told that he had been seen in Savannah with a large sum of money in his possession, the defendant stated that he was carrying $3,000 obtained from the sale of an automobile in Savannah that morning. In response to a request for some identification with his picture on it, the defendant stated that his driver's license was in his car. Agent Markonni then requested that he and the other officers be allowed to accompany the defendant to his car. According to Agent Markonni, the defendant acquiesced in this request.

While proceeding to the car, the group passed an armed and uniformed officer, who, at Agent Markonni's request, joined them. Upon arrival at the car, the defendant stated that it belonged to a friend and that he did not in fact have any identification in it. At this point, the defendant unlocked the car door, opened it, placed his jacket inside, and shut the door.

Agent Markonni then stated that he was looking for drugs and that he would like to look in the defendant's briefcase. According to

Agent Markonni, the defendant replied that he did not mind and placed the briefcase on the hood of the car and opened it. Inside the briefcase, Agent Markonni found 76 bundles of currency totalling $21,000. Also found were a magazine, a notebook, and a ballpoint pen barrel with "white powder residue on both ends of it," which Agent Markonni believed to be cocaine. The defendant then agreed to a search of his person, which revealed nothing. At this point, Agent Markonni opened the car door, reached in and removed the jacket. A search of the jacket revealed the cocaine which led to the defendant's indictment and which was the subject of the motion to suppress.

Based upon this evidence, the trial court made the following ruling on the motion to suppress: "Information first learned by officer Markonni was that information obtained at the Savannah Airport. The State has failed to show that the information obtained at the Savannah Airport was lawfully obtained. The State not having shown the initial information to have been obtained lawfully, the Court finds that the further inquiries and questioning carried on by Officer Markonni was a result of the 'poison tree doctrine' and the consent to search the briefcase which led to the discovery of a small residual amount of cocaine is therefore illegal. The consent to search not having been free from the taint of the initial contact in Savannah, the MOTION TO SUPPRESS is HEREBY GRANTED."

The record shows that the information relayed from Savannah, which the trial court found was not shown to have been "lawfully obtained," was in fact discovered at a "check point" at the "security screen" in the Savannah Airport. Accordingly, this information was obtained by virtue of a permissible airport security search of the defendant's briefcase. The right of privacy does not prevent a search when airport security is involved. Compare *State v. Smith*, 164 Ga. App. 142, 147 (296 SE2d 141) (1982). The information obtained from the Savannah Airport security check was relayed to agents in Atlanta who were authorized to act thereon. See *Parker v. State*, 161 Ga. App. 37, 39 (3) (288 SE2d 852) (1982). "When a police officer is the informant the reliability of the informant is presumed as a matter of law. [Cit.]" *Quinn v. State*, 132 Ga. App. 395, 396 (208 SE2d 263) (1974). Thus, the trial court erred in granting the motion on the basis that the information from Savannah could not be used by the officers in Atlanta in formulating the initial decision to approach and make inquiries of the defendant. Accordingly, the grant of the motion must be reversed and the case remanded for a redetermination of such relevant issues as were not addressed, including but not necessarily limited to the issue of whether at any point in the approach and ensuing interview the defendant was unlawfully "seized." See *State v. Reid*, 247 Ga. 445 (276 SE2d 617) (1981). See also *Bothwell v. State*, 250 Ga. 573 (300 SE2d 126) (1983).

*Case Number 66910.*

3. The record demonstrates that the trial court has four terms, beginning on the first Monday of February, May, August and November. On January 13, 1983, during the November Term of court, the defendant was indicted. On January 24, 1983, also during the November Term, the defendant filed his demand for a speedy trial. On February 25, 1983, during the February Term, the defendant filed his motion to suppress. The hearing on the motion to suppress was held on March 8, 1983, and the order granting the motion was entered on March 17, 1983. On April 11, 1983, the State filed the notice of appeal from the grant of the motion to suppress. On May 2, 1983, the first day of the May Term, the defendant moved for an acquittal because of the State's failure to comply with his demand for a speedy trial. The motion was denied by the trial court on the ground "that the Defendant has waived his right to an automatic discharge under the provisions of OCGA Section 17-7-10 [17-7-170] by his action of having the State's evidence against him suppressed, and that an automatic discharge at this time would deny the State an appeal of the Court's order of March 17, 1983."

"[T]he defendant may waive his right to such automatic discharge by some action on his part or on the part of his counsel . . ." *Parker v. State*, 135 Ga. App. 620, 621 (4) (218 SE2d 324) (1975). *"Any affirmative action* of the defendant which results in a continuance of the case, or a failure to try it within the time fixed by the statute after the filing of a demand, has the effect of tolling the time. [Cits.]" (Emphasis supplied.) *Letbedder v. State*, 129 Ga. App. 196, 197, fn. 1 (199 SE2d 270) (1973). OCGA § 17-5-30 authorizes a defendant in a criminal case to move to suppress evidence and provides that, if the motion is granted, the evidence shall not be admissible against him in any trial. However, OCGA § 5-7-2 provides that the grant of a motion to suppress is directly appealable by the State. See *State v. Blosfield*, 165 Ga. App. 111 (1) (299 SE2d 588) (1983). Thus, by taking "affirmative action" on the issue of the admissibility of certain evidence against him, a defendant who files a motion to suppress must be deemed to invoke the entire procedure applicable to that issue including the State's right to a direct appeal if the motion should be granted. In other words, by filing a motion to suppress, a defendant effectively consents to a delay of his trial pending final resolution of the issue of evidentiary admissibility, if the motion is granted and the State elects to have that appellate determination made. "A waiver of the demand would result from a continuance granted on the motion of the accused, or *from any other act on his part showing affirmatively that he consented to passing the case until a subsequent term.*" (Emphasis supplied.) *Walker v. State*, 89 Ga. 482 (15

SE 553) (1892). The trial court did not err in denying the defendant's motion for an acquittal pursuant to OCGA § 17-7-170.

*Judgment reversed and case remanded in Case Number 66909; judgment affirmed in Case Number 66910. Deen, P. J., and Banke, J., concur.*

DECIDED MARCH 15, 1984 —
REHEARING DENIED MARCH 29, 1984 —

*Robert E. Keller, District Attorney, William L. McKinnon, Jr., Assistant District Attorney,* for appellant.

*Steven E. Lister,* for appellee.