## 70636. THE STATE v. McNEIL.
### (335 SE2d 728)

POPE, Judge.

Appellee Tommy Wayne McNeil was arrested on June 19, 1983 for driving under the influence of alcohol. An accusation charging McNeil with that offense was filed in the State Court of DeKalb County during the July 1983 term of court.[1] During the same July 1983 term of court, through his counsel, McNeil filed several demands, one of which was denominated a "Jury Demand." This document requested a jury trial and "that the same be placed upon the minutes and that he be tried at this term or the next term of the State Court of DeKalb County, or in default of such trial, that he be fully acquitted and discharged of said offense." Thereafter, by letter dated September 29, 1983 the State notified McNeil's attorney that the case had been placed on the trial calendar for October 11, 1983. Prior to the date of trial, McNeil's counsel informed the Assistant Solicitor of DeKalb County that McNeil would enter a plea of guilty, whereupon McNeil's case was removed from the October trial calendar, apparently to then be placed upon the November 2, 1983 plea calendar.

However, by letter dated October 21, 1983, McNeil's counsel notified the Assistant Solicitor that no guilty plea would be entered. Counsel explained that an October 20, 1983 order of Judge Seeliger of the State Court of DeKalb County ruled inadmissible the breathalyzer results of the Intoximeter 3000 machine. See the appeal of this order in State v. Strickman, 173 Ga. App. 1 (325 SE2d 775) (1984). Since the same model machine was utilized to obtain breathalyzer results from McNeil upon his arrest, his counsel would now decline to allow McNeil to enter a guilty plea. In addition to the preceding information, the following was included in counsel's letter to the Assistant Solicitor: "Pursuant to my jury demand filed on July 26, 1983, I ask that this case be placed on the next available jury trial

---

[1] The State Court of DeKalb County has four terms of court annually beginning on the first Mondays in January, April, July and October. Ga. L. 1983, p. 4332 (effective March 18, 1983).

calendar."

As a result of the foregoing letter, counsel was informed by the Solicitor's office that McNeil's case would be placed on the November 14, 1983 trial calendar. On that date counsel filed a motion in limine raising the same issues as those in *Strickman,* supra. Then with counsel present, the State announced to the court that McNeil's case was identical to the intoximeter result issue in *Strickman* and that Judge Seeliger's order in *Strickman* was being appealed. McNeil was, thus, not tried in November 1983. Nor was McNeil tried in December 1983 even though his counsel had been notified that the case would be on the trial calendar on December 12, 1983. Counsel then received a notification from the Solicitor's office that McNeil's case had been removed from the February 1984 trial calendar. It further stated: "Issues which may affect this case are being appealed to the Georgia Court of Appeals. We anticipate the case being set in February or March."

By letter dated November 30, 1984, the Assistant Solicitor informed counsel that the McNeil case had previously been removed from the trial calendar awaiting a decision in *Strickman,* supra. That opinion had issued from the Court of Appeals on November 20, 1984 wherein the trial judge was reversed and the results of the intoximeter test ruled admissible. Therefore, counsel was instructed that McNeil's case would appear on the January 28, 1985 trial calendar. On December 12, 1984 McNeil's motion for discharge and acquittal pursuant to OCGA § 17-7-170 was filed. After a hearing, the trial court granted McNeil's motion and ordered him fully discharged and acquitted. The State brings this appeal from that order. *Held:*

OCGA § 17-7-170 provides in pertinent part: "(a) Any person against whom . . . an accusation is found for an offense not affecting his life may enter a demand for trial at the court term at which the . . . accusation is found or at the next succeeding regular court term thereafter . . . [T]he demand for trial shall be placed upon the minutes of the court. (b) If the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged" in the accusation. "A defendant who has made a proper demand for a trial is entitled to an automatic discharge without further motion if he is not tried on the second term of court provided a jury is present at each term who is qualified to try him." *Parker v. State,* 135 Ga. App. 620, 621 (218 SE2d 324) (1975). It is not disputed that juries were present, qualified and impaneled during all pertinent terms of court. McNeil's demand for trial in accordance with OCGA § 17-7-170 (a) was properly filed in the July 1983 term of court. Therefore, McNeil was entitled to an absolute discharge and

acquittal if he had not been put on trial before the end of the 1983 October term which was comprised of the months October, November and December, provided "that the failure to try be not due to the voluntary act of the defendant; as, for instance, voluntary absence from court, or obtaining a postponement to another term, and the like. In all such cases the defendant will be held to have waived his demand. It has been said many times that unless the demand be waived by some affirmative act of the defendant, the only alternative is trial or acquittal by discharge." (Citations and punctuation omitted.) *State v. Allen*, 165 Ga. App. 86, 87 (299 SE2d 158) (1983).

The inquiry, thus, becomes whether McNeil waived his right to automatic discharge and acquittal by some affirmative act on his part. "[T]he burden of showing a waiver is on the [S]tate." *Parker v. State*, supra. The State contends that McNeil waived his rights under OCGA § 17-7-170 when his case was removed from the October 11, 1983 trial calendar pursuant to the agreement of his counsel and the Assistant Solicitor that McNeil *planned* to enter a guilty plea on November 2, 1983. We find, however, that the State's waiver argument must fail in this case. Although the removal of the case from the October 11, 1983 trial calendar delayed trial until November 1983, "it did not delay the trial past the time within which trial could be held in accordance with his demand. In *Walker v. State*, 89 Ga. 482 (15 SE 553) [(1892)], appellant's case was called on the last day when he could be tried consistent with his timely demand. The court agreed, at defendant's request, to pass the case until later in the day. The day ended and the court adjourned, closing the term, without calling defendant's case again. The Supreme Court held that there was no waiver under those facts and stated: 'A waiver of the demand would result from a continuance granted on the motion of the accused, or from any other act on his part showing affirmatively that he consented to passing the case until a subsequent term.' " Id.

"That 'passing the case until a subsequent term' means to a term outside the period of the demand was made clear in Adams v. State, 129 Ga. App. 839 (201 SE2d 649) [(1973)]." *Frank v. State*, 145 Ga. App. 678, 679 (244 SE2d 619) (1978). In *Adams*, the defendant's trial held in the same term as his demand ended in a mistrial. She agreed to a postponement of the re-trial until the next term of court. However, she was not tried during that term. Instead, without her consent, the trial was continued until the following term. This court held that there was no waiver of her demand. Specifically, no waiver occurred by her agreement to postpone the trial until the second term covered by her demand because it was still within a term suitable for her trial according to her demand. A waiver would have occurred in *Adams* only if she had agreed to postpone the trial to a time outside the term of the demand.

Based upon the foregoing, we find that McNeil's agreement to remove his case from the October 11, 1983 trial calendar in anticipation of the entry of a guilty plea did not constitute a waiver of his rights. Although the State argues to the contrary on appeal, it appears that the solicitor's office did not treat it as a waiver at that time. Within a few days of receipt of McNeil's counsel's October 21, 1983 letter notifying the State that McNeil would not plead guilty and requesting that the case be placed upon the next trial calendar pursuant to his previously filed demand, the solicitor's office complied with the request by assigning the case to the November 1983 trial calendar and then to the December calendar. Thus, any act on McNeil's part delayed his trial for one month only, postponing it to a month which was still within the same term.

Nor do we find McNeil to have waived his demand for trial in accordance with OCGA § 17-7-170 by filing his November 14, 1983 motion in limine seeking to preclude mention of the breathalyzer results for the same reason as that raised in *State v. Strickman*, supra, although not mentioning the case by name. It is true that if the motion in limine had been granted *in McNeil's case* resulting in an appeal taken by the State, a waiver of his demand would have resulted. "[B]y filing a motion to suppress, a defendant effectively consents to a delay of his trial pending final resolution of the issue of evidentiary admissibility, *if the motion is granted and the State elects to have that appellate determination made.*" (Emphasis supplied.) *State v. Waters*, 170 Ga. App. 505, 508 (317 SE2d 614) (1984). However, such did not occur in this case. The State's affirmative act of removing the case from the trial calendar for the remainder of the October 1983 term precluded any timely determination at all of the evidentiary admissibility of the breathalyzer results in McNeil's case. The State's decision to remove McNeil's case from the trial calendar for the remaining months of the suitable October 1983 term as well as all four 1984 terms of court in order to await appellate resolution of the same evidentiary issue *in a different case decided by a different trial judge* should not and does not act as a waiver of McNeil's demand for trial. Nothing in this record suggests McNeil's agreement or consent to remove his case from the trial calendar to await the decision in *State v. Strickman*, supra. Cf. *Jackson v. State*, 172 Ga. App. 359 (1) (323 SE2d 198) (1984).

Our determination that McNeil did not waive his demand for trial in accordance with OCGA § 17-7-170 negates the necessity of inquiring into whether his demand filed in the July 1983 term was "revived" by McNeil's counsel's letter to the Assistant Solicitor on October 21, 1983. See generally *Bennett v. State*, 158 Ga. App. 421 (2) (280 SE2d 429) (1981). The trial court correctly granted McNeil's motion for discharge and acquittal.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 3, 1985.

*Ralph Bowden, Solicitor, Henry M. Newkirk, Assistant Solicitor,* for appellant.
*Charles A. Mullinax,* for appellee.