### 72541. THE STATE v. ROSOF.
(350 SE2d 36)

POPE, Judge.

On August 14, 1985 appellee Tracy Ann Rosof attempted to pass through a security checkpoint at the Atlanta International Airport prior to boarding a domestic flight. Signs near the checkpoint indicated that boarding passengers' belongings would be subject to a search, and that certain items, such as weapons, would not be allowed on the plane. Appellee placed her handbag on the counter so that it could pass through an x-ray machine operated by Charmaine Steward and Arthur Jackson, employees of A. R. C. Security which is a private security firm employed by the airlines.

When appellee's handbag passed through the x-ray machine, Steward observed inside it a dark object which she could not identify. Steward then asked Jackson to conduct a hand search of the bag. In accordance with A. R. C. Security's policy whenever an unidentifiable item appears on the x-ray screen, Jackson opened appellee's handbag and conducted a search of it. Full hand searches of passen-

gers' belongings are conducted numerous times each day by A. R. C. Security employees, including Steward and Jackson. .

Jackson opened appellee's handbag and found a pocket knife of the type which did not violate airport security regulations. He also removed from appellee's handbag a small cloth-covered tobacco pouch. Jackson felt it and did not feel any hard object. He opened the tobacco pouch and found that it contained a quantity of marijuana, less than one ounce. A police officer called by Jackson arrested appellee for a misdemeanor violation of the Georgia Controlled Substances Act.

Appellee filed a motion to suppress the marijuana on the grounds that it was illegally obtained. The trial court granted appellee's motion concluding as follows: "This court finds, as a matter of law, that Jackson was entitled to search [appellee's] bag to alleviate any suspicions he had concerning weapons or other objects that might have posed a threat to the safety of the passengers. This Court, however, believes that when Jackson felt the tobacco pouch and found it to be soft, his suspicions were satisfied. Jackson could have had no reasonable belief that the pouch contained an object that would endanger the safety of the passengers. By searching the pouch, Jackson violated [appellee's] fourth amendment right to an expectation of privacy in the contents of her handbag. For this reason, all evidence obtained as a result of the illegal search is ordered suppressed, and [appellee's] Motion to Suppress is hereby granted."

The State appeals from the trial court's order granting appellee's motion to suppress. We reverse.

1. At the outset, we note that a question arises as to the nature of the search performed by employees of a private firm. Is it properly denominated a governmental search or is it private so as not to invoke appellee's fourth amendment rights? "The provision of police assistance at the request of an airline employee, who has decided to make an inspection, normally does not render the search governmental." *United States v. Sullivan,* 544 FSupp. 701, 710 (D. Me. 1982), aff'd 711 F2d 1 (1st Cir. 1983). Although we recognize this to be a possible threshold question in an airport checkpoint case such as this, we decline to decide it on this basis, preferring instead to determine the validity of the search itself.

2. Our holding in this case, as well as the obiter dicta contained herein, is limited in reference and application to the search of carry-on luggage (or other articles) which fail to satisfactorily pass through screening devices such as x-ray machines and magnetometers which are located at designated airport security checkpoints. We have not uncovered nor have we been cited to any Georgia case on point. However, we have found a number of federal cases arising from similar facts the rationales of which are persuasive. For two reasons, either of

which supports our reversal of the trial court's order, we hold that the search of appellee's handbag was permissible, and the marijuana gained in the search is not subject to the grant of her motion to suppress.

There is "a sharp distinction between a search conducted at an airport boarding gate and the search of certain persons in the general airport area." *United States v. Wehrli*, 637 F2d 408, 409 n. 1 (5th Cir. 1981). Accord *United States v. Skipwith*, 482 F2d 1272, 1276 (5th Cir. 1973); *United States v. Sullivan*, supra at 717. Because of the danger of air piracy and other acts of terrorism, the Fifth Circuit "has long held that airport security checkpoints, like international borders, are critical zones in which special fourth amendment considerations apply. *United States v. Herzbrun*, 723 F2d 773, 775 (11th Cir. 1984). After an individual voluntarily presents himself at an airport security area, a resulting search does not require probable cause or even reasonable suspicion, but instead mere suspicion of possible illegal activity. Id. at 776 (quoting *United States v. Skipwith*, [supra at 1276])." (Punctuation omitted.) *United States v. Lopez-Pages*, 767 F2d 776, 778 (11th Cir. 1985). "Where an x-ray scan discloses a suspicious or unidentifiable object, airport officials may conduct a hand search of luggage to determine the nature of the contents, as a prerequisite to boarding aircraft. See *United States v. Smith*, [643 F2d 942, 944 (2d Cir. 1981)] (appearance on x-ray screen of unidentifiable mass justified further search of bag); *United States v. Wehrli*, supra, (x-ray disclosure of cylinders and wiring rendered hand search reasonable); *United States v. Clay*, 638 F2d 889 (5th Cir. 1981) (appearance of unidentifiable dark object on x-ray screen justified hand search), cert. denied, 451 U. S. 917 [(101 SC 1996, 68 LE2d 310)] (1981); *United States v. DeAngelo*, [584 F2d 46 (4th Cir. 1978)] (hand search reasonable where large portion of brief case appeared 'black,' indicating that it could not be adequately inspected except by hand.)" *United States v. Sullivan*, supra at 717, n. 18. "The right of privacy does not prevent a search when airport security is involved." *State v. Waters*, 170 Ga. App. 505, 507 (317 SE2d 614) (1984).

In the case before us, appellee argues that when Jackson found the permissible pocket knife, the unidentifiable object was, thus, located and his suspicions were satisfied. In the first place, that is not entirely factual. The record contains nothing in specific support of appellee's assertion. Instead, the trial court's findings merely state that in his search of the handbag Jackson found a pocket knife and also a cloth-covered tobacco pouch. Further, even though Jackson felt no hard object in the pouch, he was justified in opening it to check for any item which could have been used to threaten aircraft or airport security. "Given the myriad of devices which threaten air safety, anything less than a thorough search of [appellee's handbag] would have

been dangerously incomplete." *United States v. Wehrli*, supra at 410. See *United States v. Clay*, supra. Requiring the official to ascertain whether luggage contained a hard substance before opening it "would serve little purpose in airport security searches because explosives can be soft as well as hard." *United States v. Cyzewski*, 484 F2d 509, 515 (5th Cir. 1973). Therefore, the search of appellee's handbag did comport with constitutional standards and did not violate her rights under the fourth amendment.

As mentioned above, the search is valid for another independent reason. "[T]hose presenting themselves at a security checkpoint thereby consent automatically to a search. . . ." *United States v. Herzbrun*, supra at 776. Appellee voluntarily presented herself at the checkpoint and placed her handbag on the counter so that it could be scanned by x-ray. "[W]e hold that a sign at the airport security checkpoint informing all persons entering the area that they will be subject to search provided the necessary consent" for the search of appellee's handbag. *United States v. Lopez-Pages*, supra at 779 n. 2. Thus, by her conduct appellee consented to the search of her handbag and its contents as a matter of law. The marijuana found in the search of the handbag was admissible in evidence. The trial court erred in granting appellee's motion to suppress.

*Judgment reversed. McMurray, P. J., and Carley, J., concur.*

DECIDED OCTOBER 22, 1986.

*John C. Carbo III, Solicitor, Anne M. Landrum, Assistant Solicitor*, for appellant.
*John G. Cicala, Jr.*, for appellee.