## 77130. THE STATE v. STEWART.

(381 SE2d 50)

BANKE, Presiding Judge.

The appellee-defendant, charged with possession of less than an ounce of marijuana, driving under the influence of alcohol, and improper lane change, filed a motion for discharge and acquittal based on the state's failure to try him within two terms after he had filed a demand for trial pursuant to OCGA § 17-7-170. See *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827) (1985). The trial court granted the motion, and the state appeals.

On April 12, 1987, the defendant was arrested and issued uniform traffic citations charging him with the offenses. The citations directed him to appear in the Municipal Court of Lilburn, Georgia, to answer the charges; however, prior to any such appearance, his counsel sent a letter to the clerk of the municipal court requesting "that all charges pending against [the defendant] in this court be transferred to the State Court of Gwinnett County and that this case be tried before that court and a jury in accordance with the provisions of OCGA § 17-7-170." The municipal court thereupon forwarded the case file, including the demand letter, to the state court, where the defendant subsequently filed his motion for discharge and acquittal.

It is undisputed that there were jurors impaneled and qualified to try the case in the state court at all times pertinent to this appeal. The terms of the State Court of Gwinnett County begin in January, March, May, July, September, and November of each year (Ga. L. 1981, pp. 3033, 3034, § 2). After the case was transferred to the state court, the parties entered into a consent order specifying that the demand for trial had been entered during the May term of the state court; that the case had been placed on a trial calendar during the July term; and that the case had thereafter been continued to the September term by agreement of the parties. The case was placed on two calendars during the September term; however, no further activity is indicated by the record until the November term, when a ruling was entered on certain pre-trial motions which had been filed by the defendant. The trial court ultimately granted the appellee's motion for discharge and acquittal on May 5, 1988. The state contends that this ruling was in error because the language of the demand letter was insufficient to invoke the sanctions of OCGA § 17-7-170 and because the defendant, in any event, waived his rights under the Code section by consenting to a continuance of the case in the state court. *Held:*

We do not address the sufficiency of the demand letter because we agree that the defendant waived his rights under the Code section by consenting to the continuance of the case. We note in passing that since the parties have stipulated that the demand was made prior to July 1, 1987, its sufficiency is not affected by the 1987 amendment to

OCGA § 17-7-170 (a), see Ga. L. 1987, p. 841, § 1, but is governed by pre-existing law.

It has been held that "[a] waiver of the demand would result from a continuance granted on the motion of the accused, or from any other act on his part showing affirmatively that he consented to passing the case until a subsequent term." *Walker v. State*, 89 Ga. 482, (15 SE 553) (1892). See also *State v. Allen*, 165 Ga. App. 86, 87 (299 SE2d 158) (1983). Inasmuch as the parties have stipulated both that the demand in the present case was entered during the May term of the state court and that the case was thereafter continued to the September term by agreement, and inasmuch as this continuance prevented the case from being tried within "the next succeeding regular term" after the May term, it follows that the defendant must be deemed to have waived any rights he may have had under OCGA § 17-7-170, with the result that the trial court erred in granting his motion for discharge and acquittal. Accord *State v. McNeil*, 176 Ga. App. 323 (335 SE2d 728) (1985); *Frank v. State*, 145 Ga. App. 678, 679 (244 SE2d 619) (1978); *Adams v. State*, 129 Ga. App. 839 (201 SE2d 649) (1973).

*Judgment reversed. Birdsong and Beasley, JJ., concur.*

DECIDED FEBRUARY 27, 1989 —
REHEARING DENIED MARCH 27, 1989 —

Gerald N. Blaney, Jr., Solicitor, David M. Fuller, Assistant Solicitor, for appellant.
C. Alan Mullinax, for appellee.