## 77691. CIPROTTI v. THE STATE.
(379 SE2d 802)

BENHAM, Judge.

This is an appeal from the denial of appellant's plea of autrefois

---

acquit. The order denying the plea arose from a hearing mandated by this court's decision in *Ciprotti v. State*, 187 Ga. App. 61 (369 SE2d 337) (1988). The procedural history of the case is set out in that opinion, but it is pertinent to note here that appellant's demand for speedy trial was dismissed by the trial court when she, at the call of the case, requested a two-week postponement in order to await compliance with a subpoena which had been served at her behest.

1. The State has raised several technical attacks on the plea, but we deem them to be without merit in light of this court's direction to the trial court to address the merits of appellant's plea. Id.

2. In *State v. Waters*, 170 Ga. App. 505 (3) (317 SE2d 614) (1984), this court held that the filing of a motion to suppress was a waiver of a demand for speedy trial because filing the motion invoked the entire procedure applicable, including a direct appeal by the State if the motion should be granted. Thus, we held such a defendant, by effectively consenting to a delay of his trial pending final resolution of the issue of evidentiary admission, consented to passing the case to a subsequent term. Citing *Waters*, the State argues that since there was a possibility that the documents appellant sought would not be available within the two-week period for which she requested a postponement, appellant waived her demand for speedy trial. We disagree.

The essential difference between the situation in *Waters* and the situation in this case is that while Waters put into action a procedure which gave others the power to postpone the trial, appellant merely asked for a short delay to wait for compliance with a subpoena. Such a delay did not put into motion a procedure by which another party's exercise of its rights would delay the trial. Had appellant invoked the aid of the court to force compliance with the subpoena, this case may have come within the rule stated in *Waters*, but she did not. Asking for a postponement was not an affirmative act which amounted to a consent to delay the trial until some issue was resolved.

3. The State also argues that appellant is not entitled to a discharge in this case because the record does not show that she was physically present in court on the date to which trial was postponed at her request. See *Luke v. State*, 180 Ga. App. 378 (349 SE2d 391) (1986). In making that argument, the State misapprehends the placement of the burden of proof in the proceedings leading to this appeal. In the trial court, the burden of showing a waiver of appellant's demand for speedy trial was on the State. *State v. McNeil*, 176 Ga. App. 323, 325 (335 SE2d 728) (1985). The time for the State to bear that burden was at the hearing on appellant's plea. It not only did not bear the burden, it failed to even raise the issue below. Since the State did not show a waiver by absence below, appellant has no burden in this proceeding to negate a waiver of that kind.

4. The reason given by the trial court for denying appellant's

plea was that since the earlier dismissal of the demand for speedy trial was correct, there was no demand extant when appellant was tried. The ground on which the demand was dismissed was that appellant had not answered ready when the case was called for trial. The trial court stated that reason when it dismissed the demand and reiterated it when it denied the plea; the State relies on the same reason in its brief on this appeal. OCGA § 17-7-170, the statute governing speedy trial demands, however, has no such requirement in it. Compare OCGA § 17-7-171 (b), which applies only to capital offenses and contains such a requirement.

The ground on which the trial court relied was nonmeritorious and the record reveals no affirmative act of appellant which delayed trial in this case until after the period mandated by her demand. That being so, she was entitled to discharge, and the denial of her plea of autrefois acquit was error. *Frank v. State*, 145 Ga. App. 678 (2) (244 SE2d 619) (1978).

*Judgment reversed. McMurray, P. J., concurs. Pope, J., concurs specially.*

POPE, Judge, concurring specially.

The record shows the trial court's dismissal of defendant's motion for speedy trial was based on the assumption that an announcement of ready for trial is a condition precedent to reliance upon defendant's demand for a speedy trial. A defendant demanding a speedy trial in a capital case, pursuant to OCGA § 17-7-171, is required to announce ready when the case is called for trial. However, such a requirement is not imposed by the language of OCGA § 17-7-170, the statute governing a demand for a speedy trial in a non-capital case.

Here, the defendant was not ready for trial but requested a postponement for serving subpoenas for certain evidence. As the majority opinion notes, if defendant's request had necessarily required the case to be tried outside the period of her demand for speedy trial, then her request would constitute a waiver of the demand. However, a request for or consent to postponement to a term within the period of the demand for speedy trial does not constitute a waiver of the demand. See *Walker v. State*, 89 Ga. 482 (15 SE 553) (1892); *Adams v. State*, 129 Ga. App. 839 (201 SE2d 649) (1973). "Only if [defendant] had agreed to postponement to a time outside the term of the demand would [defendant] be held to have waived the demand." *Adams* at 842. The record shows that four additional juries were impaneled after the two-week period of postponement requested by the defendant but before the expiration of the term following the one in which she was indicted. Therefore, defendant could have been tried within the term and her request for postponement did not necessarily require the case to be tried after the expiration of the term.

DECIDED MARCH 8, 1989.

Laura Ciprotti, *pro se.*

Thomas J. Charron, District Attorney, Nancy I. Jordan, Debra H. Bernes, Thomas A. Cole, Assistant District Attorneys, for appellee.