S93A0045. DALTON v. THE STATE.
(429 SE2d 89)

CLARKE, Chief Justice.

On May 1, 1991, the defendant, Sherman Dalton, was indicted in Clarke County, Georgia, for malice murder, felony murder and armed robbery. On June 18, 1991, during the April term of court,[1] the defendant filed a motion for speedy trial. At the arraignment hearing on August 12, 1991, the state announced its intention to seek the death penalty in this case. The defendant requested, and was granted, 120 days in which to file additional motions.

On September 4, 1991, the defendant filed a motion to quash the death penalty notice, alleging that the State had failed to properly follow the Unified Appeal Procedure which requires that such notice be given prior to arraignment. Unified Appeal Procedure, Rule II (A)

---

[1] Clarke County has four terms of court: January, April, July and October.

(1) (252 Ga. A-16); *State v. Terry*, 257 Ga. 473, 474 (360 SE2d 588) (1987). On October 14, 1991, the trial court granted the defendant's motion to quash.

On October 25, 1991, the State re-indicted the defendant on charges identical to those in the original indictment. The state neither dismissed nor entered a nolle prosequi of the original indictment. On October 28, 1991, the State gave the defendant notice of its intention to seek the death penalty. On November 1, 1991, the trial court notified the parties that trial of the case would commence on December 2, 1991. The record shows that in order to comply with the defendant's demand for speedy trial, it was necessary that trial take place prior to the end of December 1991. OCGA § 17-7-171.

On November 13, 1991, the defendant filed a second motion to quash the death penalty notice. At a hearing on November 18, 1991, the trial court denied the defendant's motion to quash, and reiterated its intention to commence trial on December 2, 1991. The transcript of that hearing is not in the record before us. However, the trial court found that the defendant, stating that he would not be ready for trial at that time, moved for a continuance under the re-indictment while attempting to preserve his right to a speedy trial under the original indictment. The trial court granted the defendant's motion for a continuance of the re-indicted case.

Subsequently, the defendant moved for a judgment of acquittal on the original indictment, based on the state's failure to bring him to trial on that indictment within two terms of his demand for a speedy trial. The trial court denied the motion, concluding that by moving for a continuance of trial on the re-indicted charges,[2] the defendant affirmatively waived his demand for a speedy trial. *State v. Waters*, 170 Ga. App. 505, 508 (317 SE2d 614) (1984). This appeal followed. *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827) (1985).

The defendant takes the position that because the state did not dismiss or enter a nolle prosequi of the original indictment against him, the state was required to bring him to trial on that indictment within two terms of his demand for speedy trial, OCGA § 17-7-171, and the trial court was required to grant his motion for judgment of acquittal when the state failed to timely try him under this indictment. Id. We do not agree.

In re-indicting the defendant, the state was attempting to correct

---

[2] It was not found by the trial court nor contended by the state that the defendant's request for an extension of 120 days in which to file motions, made under the original indictment, waived his demand for a speedy trial. As this extension did not postpone trial past the time in which it could be held in accordance with the defendant's demand, it would not amount to a waiver. *Walker v. State*, 89 Ga. 482 (15 SE 553) (1892); *State v. McNeil*, 176 Ga. App. 323 (335 SE2d 728) (1985).

a procedural error, which it was entitled to do under *Welch v. State*, 254 Ga. 603 (7) (331 SE2d 573) (1985). The defendant's argument presupposes that he had a *right* to be tried under the original indictment and that his request for a speedy trial attached only to that indictment. While a grand jury may return any number of indictments for the same offense, *Jones v. Murray*, 223 Ga. 519 (156 SE2d 360) (1967), a defendant has no right to require the state to try him under any particular indictment, and, as the defendant sought to do in this case, to bar the state from seeking the death penalty.

In setting the case for trial on December 2, 1991, the trial court attempted to comply with the defendant's request for an expeditious trial which the trial court logically assumed the defendant desired under the re-indictment as well as under the original indictment. By arguing that the trial court was required to grant his motion for a judgment of acquittal pursuant to OCGA § 17-7-171, the defendant presupposes that the state was required to try him under the original indictment and failed to do so within two terms of his request for a speedy trial. We disagree because of several significant facts.

First, the defendant's action in moving to quash as untimely the death penalty notice led directly to his re-indictment. Second, the state was not required to try him under the original indictment, but could lawfully re-indict him on identical charges and seek the death penalty instead of a sentence of life imprisonment. *Welch*, supra. Third, by setting the date of trial such that it would be timely held under OCGA § 17-7-171, the trial court scrupulously attempted to comply with the defendant's demand that he be brought to trial expeditiously. Last, by moving for a continuance of this trial date, the defendant took affirmative action to ensure that his trial could not be held within two terms of his demand for a speedy trial. OCGA § 17-7-171. *State v. Waters*, supra.

We agree with the trial court that the defendant's demand for a speedy trial attached to his re-indictment on identical charges. However, we are careful to point out that our holding in this case does not create a new procedure under which the state can render a demand for speedy trial meaningless by seeking a new indictment in an attempt to extend the time in which the defendant's demand for speedy trial can be met. Because the record does not support the defendant's contention that the state re-indicted him in an attempt to extend the time in which it could bring him to trial, we do not address the consequences which would attach to a case in which such facts were present.

In summary, we conclude that under the facts of this case, the trial court did not err in denying the defendant's motion for judgment of acquittal.

*Judgment affirmed. All the Justices concur.*

Decided May 10, 1993 —
Reconsideration denied May 27, 1993.

*Cook, Noell, Tolley & Aldridge, Edward D. Tolley, Russell C. Gabriel,* for appellant.

*Harry N. Gordon, District Attorney, James E. Baggett, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.