## A93A2360. RILEY v. THE STATE.
(442 SE2d 7)

McMURRAY, Presiding Judge.

Via indictment, dated September 5, 1990, defendant was charged with child molestation. Thereafter, on September 28, 1990, defendant's counsel, the public defender, filed a demand for trial pursuant to OCGA § 17-7-170. The demand was one of more than one hundred demands filed by the public defender's office. Two days later, the Chief Assistant District Attorney called the "demand" cases for trial in open court. The defendant's case was one of the cases called. It did not appear on the trial calendar; but the public defender was present in court. He objected to the calling of the cases that did not appear on the calendar and asked for time to notify his clients that their cases were being called for trial. The judge ruled that the public defender's clients were supposed to have been in court when their cases were called for trial inasmuch as they had filed demands pursuant to OCGA § 17-7-170; and that if any of the public defender's clients were not in court when their case was called, their demand for trial would be stricken and bench warrants would be issued for their arrest. Pursuant to that ruling, the judge entered an order striking defendant's demand for trial.

On July 8, 1991, defendant was reindicted. That indictment contained two counts of child molestation. Each count pertained to the same victim.

On March 24, 1993, defendant moved to dismiss, asserting that his demand for trial had been stricken improperly and that he had not been tried within two terms of the filing of his demand. Then, on April 20, 1993, defendant moved for "discharge and acquittal" pursuant to OCGA § 17-7-170. The motions were denied and defendant filed a notice of appeal. The judge dismissed the appeal, finding that it was "frivolous and dilatory." The case proceeded to trial and defendant was found not guilty upon Count 1 and guilty upon Count 2.

The judge sentenced defendant to confinement for a period of ten years, three to serve. This appeal followed. *Held:*

"The reason given by the trial court for denying [defendant's] plea was that since the earlier dismissal of the demand for speedy trial was correct, there was no demand extant. . . . The ground on which the demand was dismissed was that [defendant] had not answered ready when the case was called for trial. The trial court stated that reason when it dismissed the demand and reiterated it when it denied the plea. . . . OCGA § 17-7-170, the statute governing speedy trial demands, however, has no such requirement in it. Compare OCGA § 17-7-171 (b), which applies only to capital offenses and contains such a requirement.

"The ground on which the trial court relied was nonmeritorious and the record reveals no affirmative act of [defendant] which delayed trial in this case until after the period mandated by [his] demand. That being so, [he] was entitled to discharge. . . . *Frank v. State*, 145 Ga. App. 678 (2) (244 SE2d 619) (1978)." *Ciprotti v. State*, 190 Ga. App. 639, 640, 641 (4) (379 SE2d 802). See also *State v. Collins*, 201 Ga. App. 500 (411 SE2d 546).

The State asserts that defendant waived his demand for trial. We disagree. Although a defendant can waive a demand for trial, such a waiver requires an affirmative act demonstrating a willingness to have the case continued. *State v. Waters*, 170 Ga. App. 505, 508 (3) (317 SE2d 614); *Parker v. State*, 135 Ga. App. 620, 621 (4) (218 SE2d 324). "[T]he burden of showing a waiver is on the State." *Parker v. State*, supra at 621 (4). We find nothing to suggest that defendant took any affirmative steps to waive his demand. Compare *Mize v. State*, 262 Ga. 489 (422 SE2d 180). The State's contention that defendant's counsel acquiesced in the striking of his demand for trial is not supported by the record.

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED FEBRUARY 28, 1994 —
RECONSIDERATION DISMISSED MARCH 22, 1994.

*Cynthia A. Price, Alden W. Snead, J. M. Raffauf*, for appellant.
*David McDade, District Attorney, Lois W. Gerstenberger, Assistant District Attorney*, for appellee.