S94A1868. RICE v. THE STATE.
(452 SE2d 492)

FLETCHER, Justice.

Rice was indicted in Fulton County on August 31, 1993 for murder, felony murder and aggravated assault in the death of Paul York on May 2, 1993. Rice's counsel filed a speedy trial demand on his be-

half in the September-October term on October 21, 1993. Two and a half weeks later in the November-December term, Rice's case appeared on the trial calendar. His counsel asserted that she was not ready for trial and filed a motion for a one-month continuance. The trial court granted the motion that day and held that the filing of the motion for continuance served as a waiver of the speedy trial demand. Rice was not tried within that term (the continuance expired while time remained in that term) or in the next succeeding term, though jurors were impaneled and he announced ready. Rice filed a motion for discharge and acquittal, which was denied. He appeals from the denial of his motion. We hold that any continuance granted at the defendant's request will operate as a waiver of a speedy trial demand under OCGA § 17-7-171, and we therefore affirm the trial court.

OCGA § 17-7-171 (b) requires discharge and acquittal if a defendant in a capital case is not tried within the second term following his demand for speedy trial, provided that the defendant is "present in court announcing ready for trial." Rice contends that because the one-month continuance did not take the case outside the term, he did not waive his speedy trial demand and the failure to try him within the second term of court requires his acquittal. Rice, however, relies on cases decided under OCGA § 17-7-170, which is only applicable to prosecutions charging non-capital offenses, and does not contain the requirement that the defendant be in court announcing ready for trial. See, e.g., *Ciprotti v. State*, 190 Ga. App. 639, 641 (379 SE2d 802) (1989) (Pope, J., concurring specially); see also *Walker v. State*, 89 Ga. 482 (15 SE 553) (1892) (misdemeanor prosecution). The rule stated by these cases is applicable only to a demand filed under OCGA § 17-7-170, and not to a demand under § 17-7-171.

The right to a speedy trial under OCGA § 17-7-171 requires strict compliance with the statutory requirements and may be waived by a defendant's actions. See *Mize v. State*, 262 Ga. 489, 490 (422 SE2d 180) (1992) (right to speedy trial under § 17-7-171 may be waived by defendant's affirmative conduct or failure to act). A failure to comply with the express language of OCGA § 17-7-171 (b) that the defendant be in court "announcing ready for trial" following the filing of a speedy trial demand operates as a waiver of that demand.[1] Any request for a continuance following the filing of a speedy trial demand necessarily means that the defendant will not be in court "announcing ready for trial" and the continuance, if granted, will result in a waiver of the demand in a capital case.[2]

---

[1] Any contrary suggestion in *Dalton v. State*, 263 Ga. 138, 139, n. 2 (429 SE2d 89) (1993) is disapproved.

[2] Of course, a continuance granted at the state's request or entered sua sponte by the trial court will not operate as a waiver on the part of the defendant. Additionally, a tempo-

*Judgment affirmed. All the Justices concur, except Benham, P. J., and Carley, J., who concur specially.*

CARLEY, Justice, concurring specially.

I agree with the majority that, in this case, the request for and grant of the continuance by Rice constituted a waiver of his speedy trial demand pursuant to OCGA § 17-7-171. I also agree that cases decided under OCGA § 17-7-170 are distinguishable because that Code section, unlike OCGA § 17-7-171, does not contain any requirement that the defendant be in court announcing ready for trial after the making of a demand for speedy trial.

However, I cannot concur in the majority's holding that "*any* continuance granted at the defendant's request will operate as a waiver of a speedy trial demand under OCGA § 17-7-171. . . ." (Emphasis supplied.) (Majority opinion, page 847.) While I agree with the establishment of a "bright line" rule, the holding that *any* continuance granted at the request of the defendant after the making of his speedy trial demand will result in a waiver is inconsistent with the majority's very rationale for distinguishing demands made under OCGA § 17-7-171 from those made under OCGA § 17-7-170. That distinction is based upon the language of OCGA § 17-7-171 (b), to wit:

> If more than two regular terms of court are convened and adjourned after the term at which the demand is filed and the defendant is not given a trial, then he shall be absolutely discharged and acquitted of the offense charged in the indictment, provided that *at both terms* there were juries impaneled and qualified to try the defendant and provided, further, that the defendant was present in court announcing ready for trial and requesting a trial on the indictment.

(Emphasis supplied.) In addition to the requirement that the defendant be "present in court announcing ready for trial . . ." OCGA § 17-7-171 differs from OCGA § 17-7-170 in another way. Under OCGA § 17-7-170, a speedy trial demand requires that the defendant be tried at the term "when the demand is made or at the next succeeding regular court term thereafter. . . ." OCGA § 17-7-170 (b). However, in a capital case, the State may try the defendant at the term when the demand is filed or during the "two regular terms of court . . . convened . . . after the term at which the demand is

---

rary or slight postponement of trial for a few days, as opposed to a continuance, will not operate as a waiver when it is clear that the postponement is not to be considered a continuance.

filed. . . ." OCGA § 17-7-171 (b). See generally *Henry v. James*, 264 Ga. 527 (1) (449 SE2d 79) (1994).

In order to avoid waiving his demand for speedy trial under OCGA § 17-7-171, the defendant need only be "present in court announcing ready for trial" at the two terms following the expiration of the term at which the demand is made. In this case, the request for continuance was made and granted during one of those succeeding terms and, thus, I agree that Rice waived his right to a speedy trial under the statute. However, if a defendant in a capital case makes a demand for speedy trial and, subsequently, is granted a continuance which expires during the same term at which his demand was made, he can nevertheless insist that he be tried at either of the two regular terms of court following the term in which the demand was made. In such a situation, the grant of defendant's request for a continuance would not waive his right to seek discharge and acquittal if he were not tried at the two regular terms of court which were "convened and adjourned after the term" during which he made his demand for speedy trial pursuant to OCGA § 17-7-171. To the extent that the application of the majority's holding in this case would result in a waiver of a defendant's speedy trial demand when there has been no grant to the defendant of a continuance during the two succeeding terms, it would, in my opinion, be contrary to the plain language of the statute.

I am authorized to state that Presiding Justice Benham joins in this special concurrence.

DECIDED JANUARY 23, 1995.

*Angela B. Clarke*, for appellant.

*Lewis R. Slaton, District Attorney, A. Nevell Owens, Carl P. Greenberg, Assistant District Attorneys, Michael J. Bowers, Attorney General*, for appellee.