## 31302. RATCLIFF v. THE STATE.

HILL, Justice.

This is an out-of-time appeal. James Ratcliff was found guilty of the armed robbery of a grocery store. His appeal involves the subpoenaing of two witnesses and the denial of a continuance.

Three robbers entered the store in the late afternoon of July 29, 1973, shopped until closing time, took money from the safe and cash registers at gunpoint, and left the employees in the cooler.

Two days before trial in December 1974, the defendant made a motion to supboena his wife and one C. T. Akins as witnesses. In support of this motion he stated that his wife would testify that he was not in the State of Georgia on the date of the robbery. The defendant also moved for a continuance on the ground that the two witnesses were necessary for his defense. Both motions were denied.

At trial, the state's evidence included testimony showing that the defendant's fingerprints were found on a box of razor blades left on the checkout counter when the robbery began. The defendant took the stand, denied participation in the robbery, and sought to explain his fingerprints by saying that he and his wife had been shopping in the grocery store on the afternoon of the robbery. On appeal defendant enumerates as error the overruling of his two motions.

By affidavit accompanying the motion to subpoena witnesses, Akins, a prisoner at the Georgia State Prison at Reidsville, swore that he would testify that two named men visited him in jail in August 1973 and told him that they, not the defendant, robbed the store. Although this witness was subject to the process of the court (see *Phillips v. Hopper,* 237 Ga. 68 (227 SE2d 1) (1976)), the court did not err in refusing to subpoena the witness because his testimony as to his conversation with the two men who visited him in jail would be hearsay and inadmissible as evidence. Code Ann. § 38-301.

The defendant also sought to subpoena his wife. In the motion he stated that she was then in prison in Florida and that she would testify that he was not in the state on

the day of the robbery. At the time of this trial there was no procedure by which a person confined in prison outside the state could be made to appear in a criminal proceeding within the state. See *Hughes v. State,* 228 Ga. 593, 597 (187 SE2d 135) (1972); but see Ga. L. 1976, p. 1366. The trial court did not err in refusing to subpoena the defendant's wife.

The trial court did not abuse its discretion in failing to grant a continuance because of the unavailability of these two witnesses. No purpose would have been served by granting a continuance since the testimony by the Georgia prisoner would not have been admissible at trial and the defendant's wife was outside the state and the jurisdiction of the trial court for an undeterminable time.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 2, 1976 — DECIDED SEPTEMBER 8, 1976.

*Pinckney R. Fleming,* for appellant.

*J. Lane Johnston, District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Staff Assistant Attorney General,* for appellee.