## 52821. THE STATE v. COX et al.

WEBB, Judge.

Since Magna Carta and under both the Federal[1] and our State[2] Constitutions, a speedy trial is a fundamental right.

---

[1] Articles VI and XIV.
[2] Article I, Section I, Paragraph V (Code Ann. § 2-105).

Blansett and Cox were indicted at the September Term, 1974 by the Grand Jury in Richmond County for violation of the Georgia Drug Abuse Control Act. In the presence of the four superior court judges for the Augusta Circuit the accused filed with the Clerk of Richmond Superior Court, on August 2, 1974, demands for speedy trial, and these demands were entered on the court's minutes. The trial judge entered an order for discharge and acquittal on June 28, 1976 and the state appeals. We quote the order which clearly states the findings and conclusion.

"FINDING OF FACTS

"This case came on for hearing on April 6, 1976 before the first division of the Superior Court of Richmond County. In that hearing evidence was presented, and I make the following findings of fact:

"a) The defendants were arrested in March of 1974 on a charge of violating the then Georgia Drug Abuse Control Act.

"b) The defendants were indicted in the September term, 1974, Indictment Number 61. The defendants filed a motion and demand for speedy trial with the clerk of court. Said motion and demand were duly entered on the motion docket of Richmond County being motion numbers 4735 and 4736. Additionally the demands for speedy trial were further spread upon the minutes of the Superior Court of Richmond County in Minute Book 170, pages 401 and 402.

"c) The defendants were not tried in the September term nor November term of 1974 nor the January and March terms of 1975. During all these terms there were juries qualified and impaneled to try them.

"d) On May 13, 1975 at the time of the defendants arraignment, defendants filed a motion for dismissal and absolute acquittal on the grounds that a speedy trial had not been granted. A trial date was set for June 16, 1975 with instructions by the presiding judge that the district attorney would have this motion heard before the trial date. The motions were not heard and the defendants were not tried in the May, July, September and November terms of 1975.

"e) Counsel for the defendants made a follow-up

request to the district attorney's office on December 10, 1975 and no trial was held in the January term of 1976. An additional request for either dismissal or hearing the motion for dismissal and absolute acquittal was set for March 18, 1976 but as requested by the district attorney was continued until April 7, 1976.

"f) The court also finds that from the time of the initial filing of the demands for speedy trial under the provision of Code Ann. § 27-1901 until the date of hearing that nine terms of the Superior Court of Richmond County have passed, and that during all these terms there were juries impaneled and qualified to try them.

"CONCLUSIONS OF LAW

"The State has argued that although the defendants had filed their motions for demand for speedy trials with the clerk of court and that said demands were spread upon the minutes of the court that this was not sufficient notice for the district attorney's office. The State has cited the case of *Turner v. State,* 136 Ga. App. 42 in support of its position. The defense has cited the cases of *Wright v. State,* 97 Ga. App. 653 and *Dublin v. State,* 126 Ga. 580 and cases cited therein.

"The resolution of this case, however, does not depend upon the specific filing in August of 1974. The court's decision is also buttressed upon the fact that on May 13, 1975, at the time of arraignment, the defendants filed in open court, their motion for discharge and absolute acquittal based upon their demand for speedy trial. Further the court set the case down for trial with specific instructions to the State to have the motion heard. In spite of these instructions in the May term of 1975 the State did not hear the motion during the May, July, September and November terms of 1975, or the January term of 1976. The provisions of Code Ann. § 27-1901 are explicit in that if the defendant is not tried within two terms after he has filed his demand for speedy trial he must be absolutely acquitted and discharged of the offense.

"The court finds that construing the law most favorably to the State that the defendants have had at least five terms of court passed since the demand was made in open court, and nine terms of court passed since

the demand was filed.

"It is therefore ordered, adjudged, and decreed that the defendants having made their demand under the provisions of Code Ann. § 27-1901, that they have not been tried in the required time period, that the defendants are ordered absolutely acquitted and discharged of the offense."

It is our conclusion that the trial court was correct, and we affirm. See *Reid v. State,* 116 Ga. App. 640, 644 (2) (158 SE2d 461) (1967). In *State v. Weeks,* 136 Ga. App. 637, 639 (2) (222 SE2d 117) (1975) and *Sassoon v. State,* 138 Ga. App. 172, 174 (225 SE2d 732) (1976) there was no demand for trial.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED OCTOBER 4, 1976 — DECIDED OCTOBER 19, 1976.

*Richard E. Allen, District Attorney, James W. Purcell, Assistant District Attorney,* for appellant.

*Leiden & Butler, Terrance P. Leiden,* for appellees.