## 56239. HUNT v. THE STATE.

BIRDSONG, Judge.

The appellant, Terry Hunt, brings this appeal from a conviction and sentence for a violation of the Controlled Substances Act. The sole enumeration of error complains that the trial court erred in refusing to dismiss the indictment based upon an alleged denial of a speedy trial in violation of Code Ann. § 27-1901. *Held:*

Hunt was indicted for a violation of the Controlled Substances Act in that he sold a quantity of heroin. After indictment but before trial, he was taken into custody by federal authorities and charged with a violation of federal law. Hunt entered a plea of guilty to that charge and was sentenced and confined pursuant to that sentence in a

federal institution. Thereafter, Hunt sought trial upon his state indictment for sale of heroin. Instead of filing a request for trial of the pending indictment as provided by Ga. L. 1972, pp. 938, 939 (Code Ann. § 77-504b) (the Interstate Agreement on Detainers), Hunt filed a demand for immediate trial pursuant to the provisions of Code Ann. § 27-1901, with his request being accepted by the trial court and noted on the record. Thereafter, the authorized official in the jurisdiction in which the untried indictment was pending (viz., the state prosecutor in Bibb County) filed a request in accordance with the provisions of Code Ann. § 77-505b for the release of Hunt for purposes of trial. Hunt was released by federal penal authorities to Bibb County authorities and ultimately was tried and convicted. Code Ann. § 77-505b requires that trial be held within 120 days of the arrival of the prisoner in the receiving state. Trial was held well within the 120 days of Hunt's arrival in the jurisdiction of Bibb County, the trying court, but was not within the second term of court following demand as mandated by Code Ann. § 27-1901. The state argues that the 120-day period set by Code Ann. § 77-505b is controlling and Hunt argues that the shorter period set by Code Ann. § 27-1901 is controlling.

We do not view the two provisions of law as being inconsistent; both deal with the issue of expeditious trials. In order to invoke the provisions of Code Ann. § 27-1901, it is necessary that the defendant move for an immediate trial and that the trial court accept the demand and note the same on the minutes of the court. Thereafter, the state must bring the movant to trial either within that same term of court or no later than the end of the next term of court, provided juries are impaneled and authorized to hear the movant's case. *State v. McDonald,* 146 Ga. App. 83, 84 (245 SE2d 446); *State v. Cox,* 140 Ga. App. 30, 32 (230 SE2d 87). If the state fails or refuses to bring the movant to trial not later than the end of the second term, then the movant is entitled to a dismissal of the indictment. However, there is yet another requirement. The movant must be in attendance (or available) at the court in which he demands trial. There is no inherent authority in a court of this state to compel a defendant's in-court attendance where such defendant is incarcerated

without this state pursuant to a sentence imposed by a different sovereign. See *Flagg v. State,* 11 Ga. App. 37, 39 (74 SE 562). See also *Ratcliff v. State,* 237 Ga. 496 (228 SE2d 879); *Hughes v. State,* 228 Ga. 593, 597 (3) (187 SE2d 135).

One of the announced purposes of the Interstate Agreement on Detainers is to overcome the difficulties in securing speedy trials of persons already incarcerated in other jurisdictions. Code Ann. § 77-502b. It is clear that the Interstate Agreement on Detainers is designated to provide the right to a speedy trial for defendants who are not subject to the judicial power of the state having an untried indictment. That agreement, like Georgia's speedy trial guaranty to defendants within its jurisdiction, has provisions for sanctions if a speedy disposition of the pending indictment is not effected. If trial is not held within 120 days of the arrival of the movant within the jurisdiction of the court in which the indictment is pending and before the movant is returned to the jurisdiction of the sending state, the untried indictment shall be dismissed with prejudice. Thus, as presently constituted, the law of this state affords speedy trial protection by guaranteeing a speedy trial to those within its jurisdiction as well as to those who are pending indictment and trial but are not within its jurisdiction.

As we view the remedies available to Hunt, he could not procedurally seek a speedy trial through the avenue of Code Ann. § 27-1901 as he was not physically present or within the subpoena power of the courts of the State of Georgia. Notwithstanding the fact that the trial judge accepted Hunt's § 1901 motion for speedy trial, that section was not applicable. Except for the authority contained within Ch. 77-5B, the trial court could not ensure the presence of Hunt at trial within the two terms of court. Hunt's presence was in fact secured pursuant to the provisions of Ch. 77-5B which called for the cooperation of the federal authorities as signatories to the uniform Interstate Agreement on Detainers. Thus, Hunt's rights to a speedy trial must be determined according to the statute which was utilized to secure his trial.

This reconciliation of Hunt's speedy trial rights does

not abridge his rights. He was entitled to a dismissal of the indictment had the state not tried him within 120 days of his arrival in Bibb County. *State v. Sassoon,* 240 Ga. 745, 747 (242 SE2d 121). He was in fact tried within the 120 days. It follows that the trial court did not err in denying Hunt's motion to dismiss for lack of a speedy trial.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED SEPTEMBER 18, 1978 — DECIDED OCTOBER 12, 1978 — REHEARING DENIED OCTOBER 30, 1978 — 

*F. Robert Raley, John E. Simmons,* for appellant.
*W. Donald Thompson, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.