## 72687. LUKE v. THE STATE.
### (349 SE2d 391)

BIRDSONG, Presiding Judge.

Robert Norman Luke has been charged with trafficking in cocaine and possession of marijuana with intent to distribute. The indictment was returned on April 26, 1985. Luke filed a demand for speedy trial on April 30, 1985, during the March-April term but no juries were available until the May-June term of court. On May 2, 1985, the United States District Court for the Northern District of Georgia obtained the legal custody of Luke by subpoena for trial in

that court. Custody was relinquished by the State and Luke was physically taken into federal custody on May 7, 1985. Notwithstanding several efforts to regain Luke's custody for disposition of the charges against him in the state court, Luke was not returned to state custody until November 15, 1985. While the case was in federal custody, two terms of court passed during which juries were present and sitting. The trial court denied Luke's motion for absolute discharge and acquittal (filed on September 18, 1985, after the passage of two terms of court) on December 3, 1985. Luke brings this appeal to the denial of his motion for discharge and acquittal under the provisions of OCGA § 17-7-170 (b). *Held*:

In order for a demand for trial pursuant to the provisions of OCGA § 17-7-170 to serve as the predicate for an absolute acquittal because of the failure of compliance therewith, it is necessary that the filing comply with the provisions of the statute *and* that the defendant be physically present in the court to pursue the trial he has demanded. He may be denied attendance because of his involuntary absence and thus not be within the subpoena powers of the court wherein trial is to proceed. In the latter event, the defendant must pursue the alternative remedy of demanding a speedy trial under the provisions of the Interstate Agreement on Detainers. (OCGA § 42-6-20 et seq.) *Johnson v. State*, 154 Ga. App. 512 (268 SE2d 782). A defendant who is not able to satisfy by presence the second proviso of OCGA § 17-7-170 and thus not available to pursue his remedy in the appropriate state court is still not without remedy since he can invoke the provisions of the Interstate Agreement on Detainers. *Bashlor v. State*, 165 Ga. App. 329, 330 (1) (299 SE2d 418). However, there has been no showing in this record that Luke has sought relief under the provisions of the latter act but has sought relief exclusively under the provisions of OCGA § 17-7-170.

There is no inherent authority in a court of this state to compel an accused's presence or in-court attendance where such defendant is incarcerated by or in the control of a different sovereign. *Ratcliff v. State*, 237 Ga. 496 (228 SE2d 879); *Hunt v. State*, 147 Ga. App. 787, 788 (250 SE2d 517). It is clear in this record that Luke was in custody of the United States courts from May 7 until November 15, and thus not within the subpoena powers of a court of this state. Luke was back within the jurisdiction of this state on November 15 but sought to avoid trial 18 days later by moving for his absolute acquittal. The projected trial of the appellant thus is not barred.

Luke seeks to circumvent his non-presence in the jurisdiction by arguing the state voluntarily released him to the United States court, and thus waived its argument of non-presence. However, this ignores the fact that a requesting state made a legitimate request utilizing its judicial powers to obtain the presence of a violator of its laws. Article

IX of OCGA § 42-6-20 provides that the agreement under which Luke was released to the federal authorities shall be liberally construed so as to effectuate its purposes. There can be no valid argument that a holding jurisdiction must ignore bona fide requests by a requesting jurisdiction simply because the holding jurisdiction relinquishes its right to trial during the defendant's absence. Moreover, Luke contributed to the delay himself by moving for dismissal in the federal court, complaining he had been "impermissibly shuffled" between the state court and the federal court making it more difficult for the federal court legitimately to consider a return of Luke to the state court prior to trial in federal court of the federal charge. We have no hesitancy in such a case in invoking the principle that an affirmative action by the defendant that results in a delay in trial constitutes a waiver of a demand for trial. *Myron v. State*, 248 Ga. 120 (2) (281 SE2d 600); *State v. Waters*, 170 Ga. App. 505, 508 (3) (317 SE2d 614).

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 11, 1986 —
REHEARING DENIED SEPTEMBER 22, 1986

*J. Wayne Moulton*, for appellant.
*Lewis R. Slaton, District Attorney, Russell J. Parker, Raymond C. Mayer, Assistant District Attorneys*, for appellee.