## A92A1627. McIVER v. THE STATE.
(423 SE2d 27)

BEASLEY, Judge.

McIver was indicted December 3, 1990, in two counts for selling cocaine in violation of the Georgia Controlled Substances Act, OCGA § 16-13-30 (b). His motion for discharge under OCGA § 17-7-170, for the State's alleged failure to try him within two terms following his demand for speedy trial, was denied. The question is whether McIver's incarceration in custody of another sovereign extended the time. We hold that it did.

McIver filed a demand for trial on March 27, 1991, during the court's February 1991 term. Juries were impaneled and qualified then

and until April 4, but McIver was in federal custody until May 6. No jurors were impaneled in that term after McIver's release.

Jurors were impaneled during the May term (May 27 to September 8), but no jurors were impaneled during the September term (September 9 to December 1). McIver sought discharge in the December term, in February 1992. Under the statute, two circumstances must coexist before discharge occurs: two terms of juries impaneled and qualified to try defendant, and the availability of defendant. The first is explicit in the statute and the second is implicit.

"It was incumbent upon [McIver] to show by competent evidence both that a jury was impaneled and qualified to try him at the term when his demand was filed and that there was a jury impaneled and qualified to try him during the next succeeding term. [Cit.] . . . '(I)n computing the time allowed by the two-term requirement, terms or remainders of terms during which no jury is impaneled are not counted.' [Cits.]" *Deadwiley v. State*, 192 Ga. App. 229 (384 SE2d 221) (1989).

"There is no inherent authority in a court of this state to compel an accused's presence or in-court attendance where such defendant is incarcerated by or in the control of a different sovereign. [Cits.]" *Luke v. State*, 180 Ga. App. 378, 379 (349 SE2d 391) (1986), overruled by *State v. Collins*, 201 Ga. App. 500 (411 SE2d 546) (1991), only to the extent that it required physical presence.

McIver was not available for trial prior to his release from federal custody. *Collins*, supra at 501. If the State had placed his case on the trial calendar, his presence for trial would not have been secured. McIver, however, could have followed the requirements of the Interstate Agreement on Detainers, OCGA § 42-6-20, but he did not do so.

There were no jurors available on May 6, or thereafter during the February term, so the statutory time did not begin to run until the following term, i.e., the May term. The September term is excluded because no jurors were impaneled. *Deadwiley*, supra. Accordingly, the State was not required to try McIver's case prior to the conclusion of the December term. McIver's motion for discharge was premature.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 16, 1992 —
RECONSIDERATION DENIED SEPTEMBER 30, 1992 — ▉

*Richard Phillips*, for appellant.
*Dupont K. Cheney, District Attorney*, for appellee.