## A96A2279. COOPER v. THE STATE.
### (481 SE2d 607)

BEASLEY, Judge.

Cooper appeals the denial of his motion for discharge and acquittal on the ground the State failed to try him within the time period required by OCGA § 17-7-170. He was indicted by the Charlton County grand jury for aggravated assault, attempted rape, and burglary on April 27, 1995, and made a demand for speedy trial on June 11, 1995.

The Superior Court of Charlton County has two terms of court commencing on the fourth Monday in February and September respectively. OCGA § 15-6-3 (41) (C). Cooper's demand was filed in the February term 1995. The State acknowledges Cooper was not tried in the remainder of the February term 1995 after his demand was filed, nor during the subsequent September term 1995. The parties agree that Cooper was incarcerated in Florida on unrelated charges on the date his demand for speedy trial was filed, and that through extradition proceedings, he was returned to the State of Georgia on August 28, 1995. There is no indication that a detainer was lodged against him in Florida, so the speedy trial remedies provided for in the Interstate Agreement on Detainers, OCGA § 42-6-20, were unavailable to Cooper. See *State v. Collins*, 201 Ga. App. 500 (411 SE2d 546) (1991).

To invoke the provisions of OCGA § 17-7-170, a defendant must move for an immediate trial and the court must accept the demand and note it on the court's minutes. The State is then required to bring the defendant to trial either within that same term of court or no later than the end of the next term of court, if juries are impaneled

and authorized to hear the particular case. If the State fails to bring the accused to trial by the end of the second term, he is entitled to dismissal of the indictment, so long as he is physically available to the court in which he demands trial. Trial courts of this state have no inherent authority to compel attendance of a defendant incarcerated outside this state pursuant to a sentence imposed by that sovereign. *Hunt v. State*, 147 Ga. App. 787, 788-789 (250 SE2d 517) (1978).

This case is virtually identical to, and accordingly is controlled by, our decision in *McIver v. State*, 205 Ga. App. 648 (423 SE2d 27) (1992): "It was incumbent upon [Cooper] to show by competent evidence both that a jury was impaneled and qualified to try him at the term when his demand was filed and that there was a jury impaneled and qualified to try him during the next succeeding term. In computing the time allowed by the two-term requirement, terms or remainders of terms during which no jury is impaneled are not counted." (Citations and punctuation omitted.) Id. at 649.

Cooper was not available for trial prior to his release from custody by Florida authorities. "If the State had placed his case on the trial calendar, his presence for trial would not have been secured." Id. Although he contends otherwise, Cooper has failed to show that juries were impaneled and qualified in Charlton County during the period in question, i.e., from the time he was extradited and returned from Florida until the end of the February 1995 term. The jury impaneled to try only civil cases during the September 1995 term would have constituted a "qualified" jury as to Cooper's speedy trial demand, since OCGA § 17-7-170 (b) expressly allows civil terms of court to be disregarded in calculating whether two terms of court have passed only in misdemeanor but not in felony cases. Accordingly, the statutory time began to run at the beginning of the September 1995 term, and the State was not required to try Cooper's case prior to the conclusion of the February 1996 term. Id. Cooper's motion for discharge and acquittal was premature.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 13, 1997.

*Michael B. Perry*, for appellant.
*Richard E. Currie*, District Attorney, *Alexander J. Markowich*, Assistant District Attorney, for appellee.