A04A1755. BALDWIN v. THE STATE.
(605 SE2d 889)

JOHNSON, Presiding Judge.

Joe Baldwin appeals the denial of his motion for discharge and acquittal on the ground that the state failed to try him within two

terms following his demand for a speedy trial.[1] The record shows that Baldwin was indicted on January 19, 2001. On March 12, 2001, he filed a pleading entitled "Motion For Fair and Speedy Trial." Correspondence accompanying the motion listed Baldwin's mailing address as:

Joe E. Baldwin #1005387
Larry Gist State Jail
3295 FM. 3514
Beaumont, TX. 77705

On March 8, 2004, Baldwin filed a motion for discharge and acquittal, claiming the state failed to comply with his demand for a speedy trial. In the motion Baldwin stated that he was residing at David Wade Correctional Center in Homer, Louisiana. The trial judge entered an order denying Baldwin's motion. Baldwin appeals, alleging the charges should be dismissed because his purported speedy trial demand was not met. We note that the address he lists on his appellate brief is still the David Wade Correctional Center in Homer, Louisiana. Because Baldwin has not been physically available to the court in which he demands a trial, Baldwin's speedy trial demand has not run, and the trial court correctly denied his motion to discharge and acquit.

While the state raises a number of questions regarding whether Baldwin's filing can be considered a speedy trial demand, we need not reach this issue. This case is virtually identical to, and is therefore controlled by, our decision in *McIver v. State.*[2] In *McIver*, this Court held that a defendant must be "available" for trial before his speedy trial demand can run.[3] We further held that a defendant incarcerated by a different sovereign is not available for trial within the meaning of the speedy trial statute.[4] This is true because "[t]here is no inherent authority in a court of this state to compel an accused's presence or in-court attendance where such defendant is incarcerated by or in the control of a different sovereign."[5]

Here, the record shows that Baldwin has resided in correctional facilities outside the state of Georgia since his indictment on January 19, 2001. He resided at a Texas jail when he filed his purported speedy trial motion, and he resided at a Louisiana correctional center when

---

[1] OCGA § 17-7-170.

[2] 205 Ga. App. 648, 649 (423 SE2d 27) (1992).

[3] Id.

[4] Id.

[5] (Citations and punctuation omitted.) Id.; *Cooper v. State*, 224 Ga. App. 621, 622 (481 SE2d 607) (1997).

he filed his motion for discharge and acquittal. The Superior Court of Gilmer County has no inherent authority to compel either Texas or Louisiana to provide Baldwin's presence in the courts of Georgia. And, if the state had placed Baldwin's case on the trial calendar, his presence for trial would not have been secured. Baldwin, therefore, has not been physically available for trial as required by the speedy trial statute. The trial court did not err in denying Baldwin's motion for discharge and acquittal.

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 27, 2004.

Joe Baldwin, *pro se.*
*Roger G. Queen, District Attorney, Nancee E. Tomlinson, Assistant District Attorney*, for appellee.