**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 8, 2016**

# In the Court of Appeals of Georgia

A16A0744. THE STATE v. MARSHALL.

A16A0748. THE STATE v. LUCAS.

BARNES, Presiding Judge.

The trial court entered orders of discharge and acquittal in the criminal cases of Cloyd Marshall and Jessica Lucas on the ground that their statutory rights to a speedy trial had been violated. The State now appeals, contending that the trial court erred in ordering the discharge and acquittal of the defendants' cases because the defendants waived their statutory demands for a speedy trial. Both criminal cases involve the same legal question on appeal – whether the defendants waived their statutory demands for a speedy trial when they received a case management order with a trial date scheduled outside the term in which they had to be tried, but did not object to the order. As explained below, we answer that question in the negative because our precedent clearly establishes that remaining silent and failing to object

is an insufficient affirmative act to waive a defendant's statutory demand for a speedy trial. Accordingly, we affirm the orders of discharge and acquittal entered by the trial court.

The record reflects that on February 27, 2015, Marshall was indicted in the Superior Court of Fulton County for false imprisonment, kidnapping, family violence battery, and cruelty to children, and on March 17, 2015, Lucas was indicted in the same court for aggravated assault, possession of a firearm during the commission of a felony, and simple battery.[1] Following their indictments, Marshall and Lucas, through the same appointed counsel, filed statutory demands for speedy trial on March 24, 2015, and April 3, 2015, respectively.

Both criminal cases were assigned to the same trial court judge, who distributed a case management order at Marshall's preliminary hearing on March 26, 2015, and at Lucas's preliminary hearing on April 9, 2015. The case management orders set deadlines for discovery, for the filing of motions, and a date upon which the trial court would hear motions. The orders also placed the defendants' cases on

---

[1] The two cases are not factually related. **v1. 20 (A16A0744); v1. 27 (A16A0748)**

2

the August 28, 2015 trial calendar, which was after the deadline for them to be tried in accordance with their speedy trial demands.

After the statutory speedy trial deadline had passed, the defendants filed pleas in bar seeking the dismissal of their cases. The trial court granted the defendants' motions and entered orders of discharge and acquittal.

In Case No. A16A0744, the State challenges the trial court's decision to discharge and acquit Marshall of his indicted offenses. In Case No. A16A0748, the State challenges the trial court's decision to discharge and acquit Lucas of her indicted offenses.

*Case No. A16A0744*

1. The trial court committed no error in discharging and acquitting Marshall of his indicted offenses on statutory speedy trial grounds.

"Under OCGA 17-7-170, a defendant who has made a proper demand for a speedy trial is entitled to an automatic discharge without further motion if he is not tried within the second term of court, provided that a jury is present at each term and is qualified to try him." (Citation and punctuation omitted.) *Smith v. State*, 332 Ga.

App. 849, 855 (3) (775 SE2d 211) (2015). See OCGA § 17-7-170 (b).[2] However, "[a] defendant may waive his right to automatic discharge under OCGA § 17-7-170 by any affirmative action on his part or on the part of his counsel which results in a continuance of the case to a time outside the period of the demand." (Citation, footnote, punctuation, and emphasis omitted.) *Thornton v. State*, 301 Ga. App. 784, 788 (1) (689 SE2d 361) (2009). See *Fisher v. State*, 273 Ga. 721, 722 (545 SE2d 895) (2001) ("Waiver may result from any act that shows a defendant affirmatively consented to passing the case until a later term."). The burden is on the State to prove that the defendant waived his demand for a speedy trial under OCGA § 17-7-170. *Thornton*, 301 Ga. App. at 788 (1).

Fulton County Superior Court has six terms per year, beginning on the first Monday of January, March, May, July, September, and November. OCGA § 15-6-3 (3). Marshall filed his speedy trial demand during the March 2015 term of court, and thus the State was required to try him by the end of the May 2015 term, provided that

---

[2] OCGA § 17-7-170 (b) provides in relevant part: "If the defendant is not tried when the demand for speedy trial is made or at the next succeeding regular court term thereafter, provided that at both court terms there were juries impaneled and qualified to try the defendant, the defendant shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation."

juries were impaneled and qualified in both terms. See OCGA § 17-7-170 (b). The State concedes that juries were properly impaneled and qualified and that Marshall was not tried during the March or May 2015 terms. Marshall therefore was entitled to an automatic discharge and acquittal of his indicted offenses, unless he or his counsel took some affirmative action that waived his statutory demand for a speedy trial. See OCGA § 17-7-170 (b); *Thornton*, 301 Ga. App. at 788 (1).

The State maintains on appeal that Marshall waived his demand for a speedy trial "by failing to voice any objection" to the case management order, which was distributed to the parties at the preliminary hearing and which set a trial date outside the two-term deadline imposed by OCGA § 17-7-170 (b).[3] We are unpersuaded because remaining silent and failing to object are not sufficient affirmative action to constitute a waiver.

As we explained in *Thornton v. State*, 7 Ga. App. 752, 753-754 (67 SE 1055) (1910),

---

[3] Marshall's preliminary hearing in which the trial court distributed the case management order was not transcribed, and there is nothing in the record to suggest that the order was entered with the consultation or agreement of the parties. Moreover, the State concedes that Marshall "did not explicitly engage in the pre-trial scheduling entered by the trial court" and that the dates in the case management order were set by the court.

[t]he defendant, it is true, may waive his right to insist upon a demand. If he should absent himself from the court, or should move for a continuance, or should agree upon a continuance, or should do any other act affirmatively showing an intention not to insist upon his demand, a waiver would be implied. However, *no such waiver results from mere inactivity on his part*, provided he does not absent himself from court, so that he cannot be tried. The [S]tate is the pursuer. He is the pursued. Until the [S]tate moves toward him, he may remain still. *If he has demanded trial and stands ready for the trial if it comes, he has done all that the law requires of him in the way of insistence upon his demand*; and therefore, if the [S]tate neglects to try him within the time prescribed by law, it operates as a conclusive and final abandonment of the prosecution.

(Emphasis supplied.)

Consistent with *Thornton*, we have held that a defendant does not waive his statutory demand for speedy trial by "remaining silent and not calling the attention of the court to the matter thereafter." (Citations and punctuation omitted.) *Parker v. State*, 135 Ga. App. 620, 621 (4) (218 SE2d 324) (1975). See *Flagg v. State*, 11 Ga. App. 37, 39 (74 SE 562) (1912) (defendant "may sit mute" after making statutory speedy trial demand and is entitled to automatic discharge and acquittal if the deadline for trying him passes, so long as he does not "voluntarily absent [himself] from the court" and has "done no other act which in law would amount to a waiver

6

of his demand"). Furthermore, in *Ballew v. State*, 211 Ga. App. 672, 674 (440 SE2d 76) (1994), we held that "[a]lthough defense counsel said nothing when the trial court announced in his presence that it was continuing the case, we cannot infer under these circumstances that silence was an affirmative action clearly waiving the requirements of OCGA § 17-7-170, and a consent to pass the case to a subsequent term."

In light of this precedent, Marshall and his counsel's mere silence and failure to object to the case management order was not an affirmative act constituting waiver of the statutory demand for a speedy trial. Compare *Ballew*, 211 Ga. App. at 673-674 (silence in response to trial court's continuance announcement was not affirmative act that waived speedy trial demand), with *Cobb v. State*, 275 Ga. App. 554, 557 (2) (621 SE2d 548) (2005) (speedy trial demand was waived where defense counsel expressly consented to continuance that fell outside deadline imposed by OCGA § 17-7-170), and *Spencer v. State*, 259 Ga. App. 664, 665-666 (577 SE2d 817) (2003) (speedy trial demand was waived where defense entered into proposed scheduling order with State under which the trial fell outside statutory deadline). And nothing in the limited record before us reflects that Marshall or his counsel's silence was accompanied by any other conduct that would indicate consent to the trial date in the case management order. Accordingly, the trial court did not err in concluding that

Marshall had not waived his statutory demand for a speedy trial and that he therefore was entitled to an automatic discharge and acquittal on statutory speedy trial grounds.

*Case No. A16A0748*

2. The trial court likewise committed no error in discharging and acquitting Lucas of her indicted offenses on statutory speedy trial grounds.

Like Marshall, Lucas filed her statutory demand for speedy trial in the March 2015 term of court, and the State was required to try her by the end of the May 2015 term. See OCGA §§ 15-6-3 (3); 17-7-170 (b). It is undisputed that juries were properly impaneled and qualified and that Lucas was not tried during the March or May 2015 terms. Lucas thus was entitled to an automatic discharge and acquittal, provided that she did not take any affirmative action waiving her statutory demand for a speedy trial. See OCGA § 17-7-170 (b); *Thornton*, 301 Ga. App. at 788 (1).

On appeal, the State raises the same argument that it made with respect to Marshall, contending that Lucas waived her statutory demand for a speedy trial "by failing to voice any objection" to the trial date in the case management order.[4] The State's argument fails for the same reasons discussed supra in Division 1, and the trial

---

[4] As was the case with Marshall, Lucas's preliminary hearing was not transcribed.

8

court did not err in finding that Lucas had not waived her statutory speedy trial demand and in entering an order of discharge and acquittal pursuant to OCGA § 17-7-170 (b).

*Judgments affirmed in Case Nos. A16A0744 and A16A0748. Boggs, J., concurs. Rickman, J., concurs in judgment only.*