**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 13, 2017**

# In the Court of Appeals of Georgia

A17A0618. GOSLINE v. THE STATE.

PER CURIAM.

Nat Gosline appeals from the trial court's denial of his plea in bar, which was based on speedy-trial grounds. Because he was incarcerated in Michigan when he filed his statutory demand for speedy trial and during the next term of court, we affirm.

In November 2015, Gosline was charged with aggravated battery and aggravated assault. In February 2016, he filed a statutory demand for speedy trial. Then, in May 2016, Gosline filed a motion for discharge and acquittal pursuant to OCGA § 17-7-170, based on the state's failure to try him within two terms of court of his demand for speedy trial. The trial court held a hearing on the motion, during which the parties agreed that Gosline was arrested in Michigan five days after the

incident that led to the charges in this case. He remained incarcerated in Michigan until after the trial court's next term of court ended. Because of his incarceration in Michigan, the trial court denied Gosline's motion for discharge. In its order, the court noted that it has no authority to compel the attendance of a defendant who is in the custody of a different sovereign.[1] Gosline then filed this appeal.

Gosline acknowledges that he was incarcerated in Michigan when he filed his statutory demand for speedy trial and during the next term of court. He insists, however, that he is entitled to discharge because he would have waived his right to be present at trial if the court had set his trial on its trial calendar. We disagree.

Pursuant to OCGA § 17-7-170 (b), if a defendant who files a statutory demand for speedy trial "is not tried when the demand for speedy trial is made or at the next succeeding regular court term thereafter, provided that at both court terms there were

---

[1] Georgia does have the authority under the Interstate Agreement on Detainers Act, OCGA § 42-6-20 et seq., to compel production of a person sentenced and incarcerated in a foreign state, absent disapproval by the governor of the sending state. See OCGA § 42-6-20 (Art. IV). But the parties correctly agree that the Act is not applicable to this case, as it does not apply to pretrial detainees in the sending state. See generally *United States v. Muniz*, 1 F3d 1018, 1026 (II) (E) (10th Cir. 1993).

juries impaneled and qualified to try the defendant, the defendant shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation."[2]

"Under the statute, two circumstances must coexist before discharge occurs: two terms of juries impaneled and qualified to try defendant, and the availability of defendant." *McIver v. State*, 205 Ga. App. 648, 649 (423 SE2d 27) (1992). Where the accused is in the custody of a different sovereign and the Interstate Agreement on Detainers Act does not apply, the accused is not available for trial "because [t]here is no inherent authority in a court of this state to compel an accused's presence or in-court attendance where such defendant is incarcerated by or in the control of a different sovereign." *Baldwin v. State*, 270 Ga. App. 201, 202 (605 SE2d 889) (2004) (citations and punctuation omitted).

Here, as in *McIver*, Gosline was in the custody of a different sovereign during the time relevant to his speedy-trial demand. Gosline acknowledges this fact. He argues, however, that *McIver* is "erroneous" and "too broad" because it does not consider the possibility of a defendant waiving his right to be present at trial. To the extent Gosline contends that *McIver* should be overruled, we decline to do so. *McIver*

---

[2] In this case, the parties agree that Gosline was not tried in the term in which he made his speedy trial demand, nor in the next term, and that juries were empaneled in both terms and were qualified to try his case.

is consistent with our precedent holding that a defendant who invokes the speedy-trial guarantee must be available for trial, and that a defendant who is in the custody of a different sovereign is "not available for trial since there is no inherent authority in a court of this [s]tate to compel his presence under those circumstances." *State v. Collins*, 201 Ga. App. 500, 501 (411 SE2d 546) (1991) (discussing *Luke v. State*, 180 Ga. App. 378, 379 (349 SE2d 391) (1986) (overruled by *Collins*, 201 Ga. App. 500), and *Hunt v. State*, 147 Ga. App. 787, 788 (250 SE2d 517) (1978)). Compare *Reid v. State*, 116 Ga. App. 640, 647-648 (2) (158 SE2d 461) (1967) (defendant who was in the custody of the Georgia State Board of Corrections on a previous conviction was entitled to a discharge of his pending charges when he was not brought to trial within two terms of his demand for speedy trial). Further, nothing in the record – except for Gosline's motion for discharge and acquittal, which was filed after the relevant time period – reflects a desire to waive his right to be present at trial. Gosline acknowledges this fact as well, but maintains that the trial court's failure to place him on the calendar precluded him from voicing that waiver. He does not, however, cite any authority in support of his implicit contention that a waiver could be effected only during a calendar call or only after the trial was placed on the calendar, and we decline to impose such a rule.

4

Gosline also contends that *McIver* is inconsistent with the principle that, once a defendant files a proper demand for speedy trial, he is not required to take any further action to be automatically entitled to a discharge if the two-term deadline passes without trial. See, e.g., *State v. Marshall*, 337 Ga. App. 336, 337-338 (1) (787 SE2d 290) (2016). Even the cases reciting this principle, however, have recognized that a defendant must be available for trial to invoke the two-term deadline. For example, in *Flagg v. State*, 11 Ga. App. 37 (74 SE2d 562) (1912), the defendant filed a demand for speedy trial on his felony indictment. We concluded that he was available for trial, and was therefore entitled to a discharge based on the passage of two terms, even though he was serving a chain-gang sentence for a previous conviction. Central to our conclusion was the fact that both the pending felony indictment and the previous conviction were before the same trial court, so the state had the defendant in its custody and could produce him for trial. Id. at 41.

Under the circumstances, we conclude that Gosline's incarceration in Michigan extended the time for his speedy trial demand. See *McIver*, 205 Ga. App. at 648-649. Because Gosline was not available for trial, the state's failure to try him within two terms of his statutory demand for speedy trial does not render him entitled to a discharge. Id.

*Judgment affirmed. Division Per Curiam. All Judges concur.*